5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lesester D. MCDAUGHTERY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-56462.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 7, 1993.
 
 Appeal from the United States District Court for the Central District of California; Nos. CV-92-04042-MRP, CR-89-00918-MRP-5, Mariana R. Pfaelzer, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lesester D. McDaughtery appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence. After a jury trial, he was sentenced under the Sentencing Guidelines as a career offender to a prison term of 262 months for distributing crack cocaine within 1000 feet of an elementary school in violation of 21 U.S.C. Sec. 841(a)(1) and former Sec. 845a (now Sec. 860), and aiding and abetting possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. We affirmed. United States v. McDougherty, 920 F.2d 569 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991).[1] McDaughtery, who is African-American, contends that (1) his conviction under former 21 U.S.C. Sec. 845a is invalid because the government selectively enforced that statute against low-income minority groups; (2) there was insufficient evidence to support his conviction for aiding and abetting; and (3) he was improperly sentenced as a career offender. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 Selective Prosecution
 
 3
 We review McDaughtery's selective prosecution claim for clear error. United States v. Gutierrez, 990 F.2d 472, 475 (9th Cir. 1993). To establish a prima facie case of selective prosecution, a defendant must establish that (1) others similarly situated have not been prosecuted, and (2) the prosecution was motivated by a discriminatory purpose. Id. In support of his claim, McDaughtery presented a list, compiled by his former counsel, of defendants charged by the United States Attorney's Office for the Central District of California, before July 1989, with violations of 21 U.S.C. Sec. 845a. Sixty defendants on the list are described as black, 26 as Hispanic, and only 4 as Caucasian. Evidence that more members of minority groups than Caucasians are being prosecuted, alone, is insufficient to establish the first prong of a selective prosecution claim, that similarly situated persons are not being prosecuted. Gutierrez, 990 F.2d at 476. Thus, the district court did not err by denying McDaughtery's motion as to this claim.
 
 
 4
 Insufficient Evidence of Aiding and Abetting
 
 
 5
 McDaughtery also contends that the evidence is insufficient to support his conviction for aiding and abetting possession with intent to distribute cocaine because the government did not prove that he actually or constructively possessed the cocaine. McDaughtery did not raise this claim on direct appeal. He has not made any attempt to show cause excusing his procedural default and prejudice resulting from the claim of error. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). Accordingly, the district court did not err by denying McDaughtery's section 2255 motion as to his claim of insufficient evidence. See id.
 
 Excessive Sentence
 
 6
 Lastly, McDaughtery contends that his sentence violates the eighth amendment's prohibition of cruel and unusual punishment because (a) he was sentenced as a career offender while his codefendant was not, which resulted in an unwarranted sentence disparity, and (b) he was somehow prejudiced by the fact that, during his trial, this circuit found the Sentencing Guidelines to be unconstitutional. We do not address these issues because McDaughtery did not raise them in his section 2255 motion to the district court and the district court did not address them. See id. Moreover, we ruled in McDaughtery's direct appeal that his sentence as a career offender does not violate the eighth amendment. 920 F.2d at 576.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, appellant's request for oral argument is denied. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For reasons that are unclear, appellant's name was spelled differently in his direct criminal appeal