15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Amelia Kay COMMODORE; Defendant-Appellant.
 No. 93-30068.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 3, 1994.
Decided Jan. 14, 1994.
 
 Before: WRIGHT, CANBY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Amelia Kay Commodore appeals her conviction and sentence for conspiracy to distribute cocaine, distribution of cocaine, possession with intent to distribute cocaine and structuring a financial transaction. We affirm.
 
 
 3
 1. Appellant did not establish a prima facie case of selective prosecution.
 
 
 4
 We review for clear error the denial of a motion to dismiss for selective prosecution. United States v. Gutierrez, 990 F.2d 472, 475 (9th Cir.1993). "To establish a prima facie case of selective prosecution, a defendant must show both (1) that others similarly situated have not been prosecuted, and (2) that the prosecution is based on an impermissible motive, i.e. discriminatory purpose or intent." Id.
 
 
 5
 Commodore fails to establish a prima facie case. She limits her argument to a single operation, and presents no evidence of discriminatory treatment over a reasonable span of time. See United States v. Bourgeois, 964 F.2d 935, 940 (9th Cir.), cert. denied, 113 S.Ct. 290 (1992).
 
 
 6
 2. The guns discovered in the residence were relevant.
 
 
 7
 We review for abuse of discretion the admission of evidence. United States v. Butcher, 926 F.2d 811, 815 (9th Cir.), cert. denied, 111 S.Ct. 2273 (1991). Guns may be relevant evidence of drug trafficking. United States v. Crespo de Llano, 838 F.2d 1006, 1018-19 (9th Cir.1987). Here, the guns were in the residence where most of the sales occurred. The handguns were found near drugs or money and had traces of cocaine residue on them.
 
 
 8
 3. The district court did not err in finding Commodore an organizer or leader and increasing her offense level under U.S.S.G. Sec. 3B1.1(a).
 
 
 9
 We review for clear error the district court's finding that a defendant was a leader or organizer. United States v. Castro, 972 F.2d 1107, 1112 (9th Cir.1992). The finding must be supported by a preponderance of the evidence. United States v. Wilson, 900 F.2d 1350, 1354 (9th Cir.1990).
 
 
 10
 The finding that Amelia Commodore was an organizer or leader was not clearly erroneous. There were at least five other participants in the underlying criminal activity. Four were her children. Most were convicted for distribution or possession with intent to distribute during the time encompassed in their mother's conspiracy conviction. Most of the criminal activity occurred in her house. There was evidence to show that it was there that the drugs were received, cut, weighed, packaged and distributed.
 
 
 11
 Both the presentence report and defendant's memorandum in opposition suggest that she procured the cocaine from her brother. Calls from cocaine buyers were directed to her and she would instruct one of her children to deliver the cocaine. She also directed Samuel Rice, another codefendant, to distribute cocaine. Finally, there was evidence that most of the cash seized was Amelia Commodore's. There was $1,111 in her bedroom and $6,000 found in her daughter's bedroom in an envelope bearing Amelia's name.
 
 
 12
 4. The district court did not err in denying a two-level reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1(a).
 
 
 13
 We review for clear error the factual determination of whether a defendant accepted responsibility. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990). We give great deference to the district court's determination. Id.
 
 
 14
 The judge did not penalize Amelia for exercising her constitutional right to a trial. Id. at 1020; see also United States v. Johnson, 956 F.2d 894, 904 (9th Cir.1992). His reasons for denying the reduction are consistent with the factors listed in the commentary to Sec. 3E1.1.[1] Nowhere in Amelia's written statement does she admit her conduct underlying the conviction. At most, her letter seeks mercy because of her own addiction to cocaine and the unfortunate involvement of her family.
 
 
 15
 5. The court did not err in imposing a two-level upward adjustment for possession of a firearm under U.S.S.G. Sec. 2D1.1(b)(1).
 
 
 16
 Amelia argues the Sec. 2D1.1(b)(1) enhancement for possession of a firearm during the commission of a narcotics offense was erroneous. Because she failed to object at sentencing, we review for plain error. United States v. Hernandez-Rodriguez, 975 F.2d 622, 628 (9th Cir.1992). This must be highly prejudicial error affecting substantial rights. Id. (citations and quotation marks omitted).
 
 
 17
 Agents found a .25 caliber, semi-automatic handgun with traces of cocaine on it together with a clip with five cartridges in it in Commodore's bedroom. She lived in and owned the home. It was not clearly improbable the gun was connected to the offenses of conviction. See U.S.S.G. Sec. 2D1.1(b)(1), comment (n. 3); United States v. Pitts, 6 F.3d 1366, 1373 (9th Cir.1993). There was no plain error.
 
 
 18
 Judgment and sentence are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Amelia did not testify at trial. She also declined to make a statement at the hearing. The judge had read the written statement she submitted