28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen A. HICKS, Defendant-Appellant.
 No. 92-30486.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 10, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen A. Hicks appeals pro se the district court's decision affirming his conviction for traveling along the Denali National Park road without a permit, in violation of 36 C.F.R. Sec. 1.6(g)(1). Hicks was fined 200 dollars after a bench trial before a magistrate judge. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 On appeal, Hicks raises three issues. First, he contends that he should have not been cited because he had attempted to obtain a permit, but was denied one, even though Park officials knew he had a right of access into Denali National Park, as the representative of several people with mining claims located within the Park, under the Alaska National Interests Land Conservation Act, 16 U.S.C. Sec. 3170(b) (ANILCA). Second, Hicks contends that the National Park Service (NPS) lacks jurisdiction over the road through Denali because it belongs to the State of Alaska. Third, Hicks contends that the district court erred by not reversing his conviction by the magistrate judge based on a theory of selective prosecution.
 
 
 4
 As an initial matter, the government correctly observes that Hicks's first two contentions were not raised before the district court.[1] As a result, Hicks has waived these issues. See United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990) (general rule is that we will not consider issues raised for the first time on appeal). Hicks argues that these issues should be considered under Fed.R.Crim.P. 52(b), which allows consideration of issues of plain error affecting substantial rights even though they were not raised below. See Fed.R.Crim.P 52(b); United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir.1993). No "exceptional circumstances," however, warrant our consideration of these issues. See Carlson, 900 F.2d at 1349. Accordingly, we limit our review to Hicks's selective prosecution claim.[2]
 
 
 5
 We review for clear error the district court's finding that Hicks had failed to establish that he was subject to selective prosecution. United States v. Gutierrez, 990 F.2d 472, 475 (9th Cir.1993).
 
 
 6
 The defendant bears the burden of proof in presenting the defense of selective prosecution. See id. To establish a prima facie case of selective prosecution, a defendant must show that (1) others similarly situated have not been prosecuted, and (2) the prosecution was motivated by a discriminatory purpose. Id.
 
 
 7
 Hicks contends that both that he was singled out for selective prosecution because of his "aggressive assertion of property rights on behalf of ... mining claimants" with claims located within the Park and that mining claimants in general were subject to discriminatory treatment. A review of the evidence introduced at trial by Hicks indicates that, at most, persons seeking travel permits or traveling on the road within the Park--both miners and non-miners--were treated inconsistently. The record also indicates that Hicks failed to meet his burden of showing that his prosecution or the alleged disparate treatment was motivated by any discriminatory purpose.[3] Given these circumstances, the district court did not clearly err in affirming Hicks's conviction. See Gutierrez, 990 F.2d at 475.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hicks consented to trial by magistrate judge pursuant to Fed.R.Crim.P. 58(b)(3)(A). After his conviction, Hicks appealed to the district judge, who reviewed his conviction. See Fed.R.Crim.P. 58(g)(2)(B) & (D) (after a trial of a petty offense by a magistrate judge, appeals are heard by a district judge whose scope of review "shall be the same as an appeal from the judgment of a district court to a court of appeals"). Accordingly, we review the district court's final order affirming Hicks's conviction
 
 
 [2]
 Even if we were to review these issues on appeal for "plain error," they are without merit. ANILCA provides mining claimants with a right of access to their claims within the Park. See 16 U.S.C. Sec. 3170(b). This right of access, however, is subject "to reasonable regulations issued by the Secretary to protect the natural and other values of such land." Id. Here, obtaining a permit for travel on the road within the Park is a reasonable regulation. Moreover, evidence presented at trial indicates that Hicks was aware of the permit requirement and had the opportunity to obtain a permit, but failed to do so
 Likewise, Hicks's jurisdictional challenge lacks merit. Even if title to the road were with the State of Alaska, an issue we do not reach, the NPS could still impose reasonable regulations on the use of the road. See Adams v. United States, 3 F.3d 1254, 1258 n. 1 (9th Cir.1993) (even if plaintiff's right of access is established, it still may be subject to "reasonable Forest Service regulations"); ( United States v. Vogler, 859 F.2d 638, 641-42 (9th Cir.1988), cert. denied, 488 U.S. 1006 (1989) (NPS could regulate and require permits for travel, even on right of way, in order to protect and preserve federal lands); United States v. Lindsey, 595 F.2d 5, 6 (9th Cir.1979) ("[i]t is well established that [article IV, section 3, clause 2 of the United States Constitution] grants to the United States the power to regulate conduct on non-federal land when reasonably necessary to protect adjacent federal property"); see also Wilkinson v. Department of the Interior, 634 F.Supp. 1265, 1279 (D.Colo.1986) (upholding NPS ban on commercial traffic along established right of way within the national monument).
 
 
 [3]
 Because Hicks failed to offer sufficient proof of any discriminatory motive on the part of NPS personnel, we need not decide whether discrimination against ANILCA mining claimants as a group would provide "an impermissible motive." See United States v. Bourgeois, 964 F.2d 935, 939 (9th Cir.1992); United States v. Redondo-Lemos, 955 F.2d 1296, 1300 (9th Cir.1992) (citing "race, religion, gender, or similar suspect characteristics" as types of impermissible grounds for discriminatory prosecution). But cf. Wayte v. United States, 470 S.Ct. 598, 608 (1985) (in dicta, Court observed that the defense of selective prosecution protects the "exercise of protected statutory and constitutional rights")