34 F.3d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Ray HOLBROOK, Robert Stallings, Defendants-Appellants.
 Nos. 93-6110, 93-6189.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 Before: GUY and BOGGS, Circuit Judges; and WOODS, Senior District Judge*.
 PER CURIAM.
 
 
 1
 Defendants Holbrook and Stallings were convicted of various drug-trafficking offenses in violation of 21 U.S.C. Sec. 841(a)(1) and Sec. 846, and 18 U.S.C. Sec. 2. On appeal, each defendant raises three objections to his conviction and sentence. Stallings claims the district court: 1) admitted testimony in violation of Fed.R.Evid. 404(b); 2) abused its discretion in permitting testimony of witnesses alleged to have violated Fed.R.Evid. 615; and 3) erred in enhancing Stallings' sentencing offense level for obstruction of justice under Section 3C1.1 of the Guidelines. Holbrook contends the district court: 1) abused its discretion in denying defendant Holbrook's request for a lesser included offense jury instruction on simple possession of marijuana and cocaine; 2) erred in permitting Officer Leslie Gannon's testimony; and 3) erred in calculating Holbrook's base offense level of 26, pursuant to Sec. 2D1.1. Upon a review of the record, we find no error and affirm.
 
 I.
 
 2
 Defendant Stallings complains that the district court admitted the testimony of two witnesses in violation of Fed.R.Evid. 404(b).[2] At trial, Tony Simpkins, a former employee of Stallings, testified that she met Charles Holbrook in December, 1992. When asked about that meeting, she stated:
 
 
 3
 A. Okay, I was working that day, and I had met Mr. Holbrook and his wife beforehand. And they were in the office that day talking to Mr. Stallings, and they were calling around about getting an insurance check cashed, and they were going to take a trip to Chicago.
 
 
 4
 Q. Was anything said about that trip to Chicago?
 
 
 5
 A. Mr. Stallings had made the statement they were going to take a business trip to Chicago, and when he came back he was going to make him some fast money.
 
 
 6
 Q. Were there any conversations about the nature of what that trip was gong to be about at any time?
 
 
 7
 A. Not that I can recollect.
 
 
 8
 No objection was made to this testimony at trial. Therefore, absent plain error, defendant failed to preserve this issue for appeal. United States v. Meyers, 952 F.2d 914, 917 (6th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 1695, 118 L.Ed.2d 407 (1992); United States v. Terry, 729 F.2d 1063, 1069 (6th Cir.1984). We find there was no error as Simpkins' testimony merely concerned a trip to Chicago, and did not fall within the scope of 404(b) as evidence of other crimes, wrongs, or acts.
 
 
 9
 Defendant also objects to the testimony of Norm Oster. On rebuttal, Oster testified as follows:
 
 
 10
 Q. Mr. Oster, have you ever had any other occasions to be involved with cocaine and Robert Stallings other than the weekend in December in Chicago?
 
 
 11
 A. Yes, sir.
 
 Q. Would you tell us about that, please
 
 12
 A. There were numerous occasions, sir. One that comes to mind was one time--there was very many of them. We did cocaine in his office, at his house, in his van. If you are looking for any specific one--
 
 
 13
 At this point, defense counsel objected to the introduction of this testimony. The court sustained the objection and terminated Oster's answer.
 
 
 14
 Although Oster's testimony was discontinued, we find the proffered evidence would have been admissible to impeach defendant's character. In United States v. Markarian, 967 F.2d 1098 (6th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1344, 122 L.Ed.2d 726 (1993), we held that impeachment by extrinsic evidence is permissible when a defendant takes the witness stand and makes sweeping denials of his experience with drugs. Id. at 1103.[3]
 
 
 15
 In the present case, Defendant Stallings continuously and categorically denied his involvement with drugs during direct and cross-examination. He therefore invited the proposed rebuttal testimony. Further, the suggested testimony was not propensity evidence, but was of activities that were part of the charged conspiracy offense. Therefore, we find the proffered testimony did not violate Fed.R.Evid. 404(b) and would have been admissible for impeachment purposes.
 
 II.
 
 16
 Defendant Stallings contends that the district court abused its discretion in permitting the testimony of witnesses who violated Fed.R.Evid. 615.[4] Here, the alleged violation occurred when several prosecution witnesses overheard the trial proceedings from an overhead speaker located in the United States Marshal's office while waiting in the office of the United States Attorney. After the issue was brought to the Court's attention, the Court conducted its own voir dire of the witnesses. Jerry Woods testified that he heard no trial testimony over the loudspeaker. Norm Oster testified that on his way to the restroom he could hear a speaker, but couldn't make sense of anything. Tony Simpkins stated that while in the hallway going to the ladies' room she could hear something, but couldn't understand what was being said. William Minix testified that he had heard some testimony while being held in the Marshal's lockup. Parker Parker testified that he heard nothing whatsoever. The Court excused Minix and Parker after the government explained it had no intention of recalling them, and then ruled on defense counsel's motion to exclude:
 
 
 17
 As to the other 3 witnesses, I'm familiar with Rule 16 [sic] and how that should apply, and I don't think that there was any intentional action on the part of anybody to have these people listen to this. I mean, granted there was a loudspeaker down there in the U.S. Marshal's office and one witness did say that he heard--something said, couldn't recall what was being said. The other witness said she heard the speaker, but she couldn't tell what was being said, either. So I think based on that the motion to exclude those witnesses, if the United States wishes to call them, is denied.
 
 
 18
 We review a district court's denial of a motion to exclude the testimony of witnesses who allegedly violate a sequestration order for an abuse of discretion. United States v. Gibson, 675 F.2d 825, 835 (6th Cir.), cert. denied, 459 U.S. 972, 103 S.Ct. 305, 74 L.Ed.2d 285 (1982). A witness who violates Fed.R.Evid. 615 is not automatically barred from testifying. Id. at 836. Particular circumstances warranting exclusion include where a sequestered witness remains present in court with the " 'consent, connivance, procurement or knowledge' of the party seeking his testimony." Id. (quoting United States v. Kiliyan, 456 F.2d 555, 560 (8th Cir.1972)).
 
 
 19
 Upon review of the record, we are satisfied that the district court properly denied defendant's motion. There is no evidence to suggest that the government procured the alleged violation of the rule. In addition, one witness testified that he heard nothing, and two others testified that although they heard something, they couldn't comprehend what it was. William Minix and Parker Parker testified prior to the incident and were excused by the government. In fact, Norm Oster was the only witness to testify after the alleged violation, and his testimony was quickly terminated after the district court found it an improper subject for rebuttal.
 
 III.
 
 20
 Defendant Stallings asserts that the district court improperly enhanced his sentencing level for obstruction of justice under Section 3C1.1 of the Guidelines.[5] The merits of defendant's objection cannot be considered, however, because defendant failed to properly preserve the issue for appeal. In this Circuit, a defendant who fails to state the grounds of objection to his sentence when provided the opportunity by the district court waives such objections on appeal. United States v. French, 974 F.2d 687, 697 (6th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1012, 122 L.Ed.2d 798 (1993). We will not entertain an appeal based on unraised objections unless a defendant demonstrates that our failure to do so will result in manifest injustice. Id.
 
 
 21
 In the present case, there is no question that despite having the opportunity at sentencing, defendant failed to properly raise this issue. Accordingly, we find defendant waived the issue sought to be first raised here. Defendant will not suffer manifest injustice as he can challenge his conviction or sentence in an appropriate post-conviction proceeding. Id.
 
 IV.
 
 22
 Defendant Holbrook maintains he was entitled to a lesser included offense jury instruction on simple possession of marijuana and cocaine. The district court denied his request, finding such instruction unwarranted by the offenses charged in the indictment. A lesser included offense jury instruction is warranted "if the evidence would permit a jury rationally to find [a defendant] guilty of the lesser offense and acquit him of the greater." United States v. Levy, 904 F.2d 1026, 1031 (6th Cir.), cert. denied, 498 U.S. 1091, 111 S.Ct. 971, 112 L.Ed.2d 1060 (1991) (citations omitted). A lesser included offense charge is not required when there is no evidence from which a jury could find that a defendant simply possessed narcotics without intending to distribute them. United States v. Beckham, 968 F.2d 47, 52 (D.C.Cir.1992).
 
 
 23
 In Beckham, the court affirmed the district court's refusal to give a lesser included offense jury instruction on simple possession because the overwhelming evidence suggested an intent to distribute. The facts that defendant picked up a bag of more than 13 grams of crack divided into 34 individually wrapped rocks with a street value of $1,700.00, coupled with a drug expert's unrebutted testimony "made intent to distribute a foregone conclusion." Id. at 53.
 
 
 24
 In the present case, defendant's theory at trial was that although admittedly addicted to marijuana and cocaine, he did not participate in the distribution of the narcotics. Through the testimony of numerous witnesses, however, the government demonstrated an extensive and continuous pattern of drug distribution by the defendant. Tony Alley, Michael Alley, Casey Lynn Collier, and David Shane Ferguson all testified they sold marijuana for the defendant. Billy Ray Hall testified that he sold cocaine and marijuana and assisted in packaging cocaine and marijuana for Holbrook. Parker Parker testified he distributed marijuana and engaged in other criminal activities with the defendant. Bernard (Sonny) Corbiere testified that he sold marijuana and cocaine for the defendant. Mr. Corbiere eventually began cooperating with the state police where he made controlled "buys" of marijuana and cocaine from the defendant.
 
 
 25
 The bulk of the testimony lends little credence to defendant's claim. Aside from his own testimony, defendant has produced little from which a jury could rationally find him guilty of simple possession and acquit him of the distribution offenses. When large quantities of drugs are at issue, and other evidence supports an intent to distribute, courts are unwilling to require a lesser included offense instruction of simple possession "because in those circumstances, once a jury found possession, it could only rationally conclude that the possession was for distribution." United States v. Gutierrez, 990 F.2d 472, 477 (9th Cir.1993). In addition, defendant's admission concerning his addiction to narcotics does not destroy the impact of the other cogent evidence presented. United States v. Romero, 856 F.2d 1020, 1024 (8th Cir.1988), cert. denied, 488 U.S. 1016, 109 S.Ct. 811, 102 L.Ed.2d 800 (1989). Based on the whole record, we are satisfied that defendant was not entitled to a lesser included offense jury instruction on simple possession.
 
 V.
 
 26
 At trial, Officer Leslie Gannon testified about tape recorded conversations occurring between the defendant and Bernard (Sonny) Corbiere, an informant for the Kentucky State Police. Defendant Holbrook complains that Officer Gannon's testimony constituted inadmissible hearsay. The government contends, however, that such testimony was not offered for the truth of the matter asserted, but for the limited purpose of providing relevant context for the admission of two exhibits which were the subjects of a previously admitted stipulation.
 
 
 27
 At the time in question, Officer Gannon was investigating the distribution of controlled substances in Pike County. During the course of her investigation, Sonny Corbiere became a government informant and consummated controlled "buys" from Defendant Holbrook. At trial, Officer Gannon testified that prior to a "buy," Corbiere would be searched for contraband and supplied with a microcassette recorder. He would also be given money with which to purchase the narcotics. After the "buy", Corbiere would return the recorder and the evidence received.
 
 
 28
 Fed.R.Evid. 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." In United States v. Castro-Lara, 970 F.2d 976 (1st Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 2935, 124 L.Ed.2d 684 (1993), the court ruled:
 
 
 29
 [T]estimony which is not offered to prove the truth of an out-of-court statement, but is offered instead for the more limited purpose of providing relevant context or background, is not considered hearsay.
 
 
 30
 Id. at 981. In Castro-Lara, the court held that a government agent's testimony about an informant's tip was not hearsay because it was offered to provide background information on why government agents were conducting an investigation. Id. Out-of-court statements are not hearsay when offered to set up the framework of a government probe. United States v. Freeman, 816 F.2d 558, 563 (10th Cir.1987).
 
 
 31
 The government contends that Officer Gannon's testimony was not offered to prove the truth of the matter asserted, but to establish relevant context for the admittance of exhibits 3 and 10. We agree. Trooper Gannon was the custodian of exhibit 3, which was one-quarter pound of marijuana and exhibit 10, which was 2 grams of cocaine. Corbiere had previously testified that he had purchased the drugs from Defendant Holbrook. Gannon's testimony provided that the exhibits were those substances referred to in exhibit 27, a stipulation by the parties. This stipulation contained the laboratory results of forensic examinations conducted on the evidence. The stipulation avoided the necessity of producing a forensic chemist to establish the contents of the exhibits. Like the testimony of the agent in Castro-Lara, Officer Gannon's testimony was not offered to prove the truth of the matter asserted, but for the limited purpose of setting forth the background of the Kentucky police officers' investigation, and the relevant context for the admittance of exhibit 27.
 
 VI.
 
 32
 Defendant Holbrook asserts the district court erred in calculating his base level offense at 26 pursuant to Sec. 2D1.1.[6] We review a district court's decision on the amount of drugs for which a defendant will be held accountable under a "clearly erroneous" standard. United States v. Jenkins, 4 F.3d 1338, 1345-46 (6th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1547, 128 L.Ed.2d 197 (1994); United States v. Clemons, 999 F.2d 154, 156 (6th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 704, 126 L.Ed.2d 671 (1993). The government must prove the amount of drugs to be charged to the defendant by the preponderance of the evidence. Clemons, supra at 156; United States v. Sims, 975 F.2d 1225, 1242 (6th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1315, 122 L.Ed.2d 702 (1993). Defendant does not dispute that he is responsible for the conduct of others if that conduct was reasonably foreseeable to him and was committed in furtherance of the conspiracy. USSG Sec. 1B1.3 (1992); Jenkins, supra at 1347.
 
 
 33
 Defendant complains that his base offense level of 26 is unsupported by the evidence. In particular, defendant maintains that the testimony concerning the amount of marijuana sold per week is unsupported by the evidence, that there is no evidence of his involvement in the Chicago cocaine purchase, and that he only received 1/3 of the 10 ounces of cocaine from Sonny Blalock.
 
 
 34
 The Presentence Investigation Report attributes 22 ounces of cocaine to defendant; 10 ounces stolen from Sonny Blalock on orders from Charles Holbrook, and 12 ounces which Charles Ray Holbrook attempted to possess during the December Chicago trip with Robert Stallings. At sentencing, the district court found that defendant was involved in 3 cocaine/money rip-offs. We find the district court's determination overwhelmingly supported by the record.[7] Therefore, any factual error on the amount of marijuana attributable to defendant is harmless, because the total amount of controlled substances still falls within the 100 to 400 kgs of marijuana to support a base offense level of 26.
 
 VII.
 
 35
 For the reasons stated, Defendant Stallings' conviction and sentence is AFFIRMED. Defendant Holbrook's conviction and sentence is AFFIRMED.
 
 
 
 *
 The Honorable George E. Woods, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 F.R.E. 404(b) provides:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial....
 
 
 [3]
 In Markarian, we stated:
 "We have repeatedly insisted that when defendants testify, they must testify truthfully or suffer the consequences.... It is essential, therefore, to the proper functioning of the adversary system that when a defendant takes the stand, the government be permitted proper and effective cross-examination in an attempt to elicit the truth."
 Id. at 1103 (quoting United States v. Havens, 446 U.S. 620, 626-27, 100 S.Ct. 1912, 1916, 64 L.Ed.2d 559 (1980)).
 
 
 [4]
 That rule provides:
 At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion.
 
 
 [5]
 That section mandates a 2-level increase if a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing."
 
 
 [6]
 Paragraph 34 of the Presentence Investigation Report calculates defendant's base offense level as follows: 22 ounces of cocaine, based on 10 ounces stolen from Sonny Blalock on orders from the defendant, and 12 ounces which defendant attempted to possess during a December Chicago trip with Robert Stallings, combined with 160 kilograms of marijuana, based on 5 pounds per week sold by the conspiracy during the period of June 1, 1991 through December 21, 1992. Total weight of the calculated illegal substance in converted kilograms of marijuana totals 284.74. Pursuant to USSG Sec. 2D1.1(c), 100 kilograms but less than 400 kilograms of marijuana equals a base offense level of 26
 
 
 [7]
 The Presentence Report converted to 22 ounces of cocaine into 124.74 kilograms of marijuana