33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Patrick LAUGHLIN, Defendant-Appellant.
 No. 93-10708.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 11, 1994.
Decided Aug. 24, 1994.
 
 Before: NORRIS, THOMPSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Laughlin appeals the district court's denial of his motion to dismiss the indictment charging him with willfully making and subscribing false federal income tax returns in violation of 26 U.S.C. Sec. 7206(1). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Laughlin argues that his criminal prosecution is barred by an agreement ("Closing Agreement") between the IRS and his employer, Riverside Casino, which provides for the resolution of employees' past tax liability exclusively through civil administrative procedures. Laughlin contends that his criminal prosecution stems from a past tax liability and is therefore foreclosed pursuant to the terms of the Closing Agreement. We disagree.
 
 
 4
 The plain language of the Closing Agreement makes clear that it does not settle Laughlin's criminal charges. The Closing Agreement's sole concern is employees' civil tax liability; it does not speak to criminal matters whatsoever, much less foreclose the prosecution of Laughlin who was under criminal investigation over a year prior to its execution. Furthermore, contrary to Laughlin's assertions, exclusion of criminal liability from coverage does not render the Closing Agreement useless to Riverside employees. Substantial benefits accrued to participating employees including freedom from future audits, settlement of past tax deficiencies without monetary penalties, and extension of payment deadlines. Attachment A, Closing Agreement, ER at 7.
 
 II
 
 5
 Laughlin also presents a claim of selective prosecution in violation of his equal protection and due process rights. He bases this claim on the fact that he was the only participating employee at Riverside who was prosecuted for actions relating to prior tax years after the effective date of the Closing Agreement. We review the district court's denial of Laughlin's motion to dismiss for selective prosecution under the clearly erroneous standard, see United States v. Gutierrez, 990 F.2d 472, 475 (9th Cir.1993), and hold that the district court did not err.
 
 
 6
 It is well established that a selective prosecution claim requires proof that (1) others similarly situated have not been prosecuted; and (2) that the prosecution was based on an impermissible motive. Gutierrez, 990 F.2d at 476. Laughlin has failed to establish either requirement.
 
 
 7
 In showing that others similarly situated have not been prosecuted, a defendant must "isolate the factor allegedly subject to the impermissible discrimination so that the similarly situated class is analogous to the defendant without the one impermissible factor." Id. Laughlin has not identified any such factor. In fact, the only impermissible factor Laughlin points to seems to be that he, John Patrick Laughlin, was prosecuted.
 
 
 8
 With respect to (2), a defendant must show that "the decision maker selected ... a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group." Id. More precisely, "the identifiable group is typically a race, religion, or a group of persons exercising a constitutional right." Id. Laughlin has not alleged that any of the foregoing impermissible factors played a part in the decision to prosecute him.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3