91 F.3d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abass KHAJAVIRAD, aka: Abass Rad, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-55371.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 10, 1996.*
Decided June 28, 1996.
 
 Before: REINHARDT, KOZINSKI, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner, Abass Khajavirad, who was convicted of importing and possessing heroin with the intent to distribute and sentenced to 136 months imprisonment, appeals pro se the district court's denial of his § 2255 motion to vacate, set aside, or correct his sentence. He challenges his conviction and sentence on several grounds. We consider each of petitioner's claims in turn.
 
 I. Ineffective Assistance of Counsel
 Failure to Investigate
 
 3
 Petitioner claims that his counsel was ineffective for failing to investigate (1) the possibility of a conspiracy between the government and his former employer, Anayatollah Pourat, who petitioner contends is guilty of the crime for which petitioner was convicted, and (2) the possibility that petitioner was the victim of selective prosecution. Because petitioner has failed to identify any facts or circumstances that would have led a reasonable attorney to investigate the possibility that petitioner was selectively prosecuted or the victim of a government conspiracy, we conclude that the district court did not err in failing to conduct an evidentiary hearing on this issue.
 
 Failure to Call Witnesses
 
 4
 Petitioner also contends his counsel was ineffective for failing "to call witnesses that could exonerate [him] at trial." We decline to reach this issue because petitioner raises it for the first time on appeal. See Quintero v. United States, 33 F.3d 1133, 1136 n. 3 (9th Cir.1994).
 
 Conflict of Interest
 
 5
 Petitioner claims that his counsel's performance was undermined by a conflict of interest. He claims that his attorney was paid by Pourat--the person who committed the acts for which petitioner was prosecuted.
 
 
 6
 To establish a Sixth Amendment violation of defendant's right to the effective assistance of counsel based on an attorney's conflict of interest, "a defendant must show: (1) his attorney actively represented conflicting interests, and (2) an actual conflict of interest affected his attorney's performance." Fitzpatrick v. McCormick, 869 F.2d 1247, 1251 (9th Cir.), cert. denied, 493 U.S. 872, 110 S.Ct. 203, 107 L.Ed.2d 156 (1989).
 
 
 7
 Quintero, 33 F.3d at 1135.
 
 
 8
 In its brief, the government concedes that petitioner sufficiently alleges that his attorney was ineffective due to the conflict arising from the fact he was paid by Pourat. See id. at 1135 (finding defendant alleging ineffective assistance of counsel due to conflict of interest because leader of drug conspiracy paid his attorney entitled to evidentiary hearing). However, the government incorrectly contends that petitioner failed to allege that his counsel's conflict affected his performance.
 
 
 9
 Petitioner contends that his attorney failed to investigate or disclose to the government Pourat's involvement in drug importation and that he refused to convey to the government inculpatory evidence regarding Pourat that petitioner furnished to him. Moreover, petitioner contends that his counsel's conflict of interest infected other aspects of his representation because his attorney performed ineffectively in order to ensure that (1) petitioner would be convicted of the crimes Pourat had committed and (2) Pourat would avoid prosecution.[1] Because petitioner has made specific allegations of attorney conflict of interest which, if true, would entitle him to relief, we conclude that the district court erred in not granting him an evidentiary hearing on the issue of his counsel's alleged conflict of interest. Quintero, 33 F.3d at 1135.
 
 
 10
 II. Selective Prosecution and Government Conspiracy
 
 
 11
 Petitioner contends that the district court erred in denying his § 2255 motion without holding an evidentiary hearing regarding his claims that the government conspired against him and failed to disclose exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83, 87 (1963), and engaged in selective prosecution. In support of his Brady claim, petitioner merely states that "complete discovery production may exonerate [him] of the charges convicted, and the value of such production outweighs any technicality the Court has relied on for the denial of the discovery." Not only does he fail to specify what kind of exculpatory evidence the government allegedly suppressed, he fails to allege that any exculpatory evidence even exists. Accordingly, petitioner is not entitled to an evidentiary hearing regarding the government's alleged conspiracy to withhold exculpatory information. Kyles v. Whitley, 115 S.Ct. 1555, 1565 (1995).
 
 
 12
 To succeed on a claim of selective prosecution, the defendant must show both that prosecutorial selection had discriminatory effect and that it was motivated by discriminatory purpose. United States v. Gutierrez, 990 F.2d 472, 475 (9th Cir.1992) ("To establish a prima facie case of selective prosecution, a defendant must show both (1) that others similarly situated have not been prosecuted, and (2) that the prosecution is based on an impermissible motive, i.e., discriminatory purpose or intent."). Petitioner fails to allege any facts that support a claim of selective prosecution. He does not allege he is being prosecuted because of his membership in an identifiable group, i.e., on the basis of his gender, race, national origin or religion, or for exercising a particular constitutional right. He only alleges that he was prosecuted and the true culprit--Pourat--was not. The district court did not err in denying petitioner's request for an evidentiary hearing on petitioner's selective prosecution claim.
 
 III. Inaccurate Translations by Interpreters
 
 13
 Petitioner contends that he is entitled to an evidentiary hearing on his claim that interpreters inaccurately translated during his trial. He is not. He failed to make any specific factual allegations as to what information may have been translated inaccurately or that the inaccurate translations, if they occurred, affected the trial in any way. "Mere conclusory statements by the petitioner do not justify a hearing." Baumann v. United States, 692 F.2d 565, 571 (1982).
 
 IV. Safety-Valve Provision
 
 14
 Finally, petitioner contends that the district court erred in determining his sentence because it failed to apply the "safety-valve" provision, 18 U.S.C. § 3553(f). Petitioner was sentenced in January 1990, well before the effective date of 18 U.S.C. § 3553(f), which does not apply retroactively.[2] The district court did not err in failing to sentence petitioner pursuant to this provision.
 
 CONCLUSION
 
 15
 The district court correctly denied petitioner's request for an evidentiary hearing regarding his claims that: counsel failed to investigate the possibility of a government conspiracy or selective prosecution; there were errors in the interpreters' translations during his trial; and he was the victim of selective prosecution and a government conspiracy. It also correctly refused to apply the safety-valve provision to petitioner's sentence. However, we reverse and remand for an evidentiary hearing on petitioner's claim that his counsel was ineffective due to a conflict of interest.
 
 
 16
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We decline to reach petitioner's allegation that his counsel's conflict of interest affected his performance in advising petitioner whether or not to plead guilty and accept a plea agreement because petitioner also raises this issue for the first time in his appellate brief. See Quintero, 33 F.3d at 1136 n. 6
 
 
 [2]
 The historical and statutory notes to § 3553 read:
 Effective Date of 1994 Amendments
 Section 80001(c) of Pub.L. 103-322 provided that: "The amendment made by subsection (a) [enacting subsec. (f) of this section] shall apply to all sentences imposed on or after the 10th day beginning after the date of enactment of this Act [Sept. 13, 1994]."