124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES, Plaintiff-Appellee,
v.
Sheila Terese WALLEN, Defendant-Appellant.
 No. 96-10460.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1997.
Decided Aug. 13, 1997.
 
 1
 Appeal from the District Court for the District of Arizona; D.C. CR-95-484-WDB; William D. Browning, District Judge, Presiding.
 
 
 2
 Before: SNEED, Senior Circuit Judge, KLEINFELD, Circuit Judge, and WALLACH, Judge**.
 
 
 3
 MEMORANDUM*
 
 
 4
 Sheila Terese Wallen appeals her conviction of possession of marijuana with intent to distribute. We affirm.
 
 
 5
 Wallen attacks a search of her residence and the admission of its fruits by arguing that her consent to the search was coerced. While we review a district court's determination that a search is legal de novo, we review its findings of the underlying acts for clear error. United States v. Tarazon, 989 F.2d 1045, 1048 (9th Cir.), cert. denied, 510 U.S. 853 (1993).
 
 
 6
 The district court held a suppression hearing prior to Wallen's trial, at which it heard testimony from Wallen and the officers who conducted the search of her property. Subsequent to the hearing, the court issued an order denying the motion to suppress, which included a statement of facts. That statement of facts indicated that the court found the officers' account of their search to be credible, and Ms. Wallen's testimony of the facts underlying her claim of coercion not to be credible. Because the district court's findings have ample support in the record of the suppression hearing, we have no reason to disturb them.
 
 
 7
 Moreover, the court's application of the law to its factual findings is not erroneous. Pursuant to United States v. Roberts, 747 F.2d 537, 541-42 (9th Cir.1984), the officers' initial entry onto Wallen's property was not improper. The officers were entitled to approach her house with the intent of asking questions. Id. at 543. They asked for permission to search the property, and indicated that they would attempt to obtain a warrant if Wallen refused permission. They told her that the possibility of an arrest would depend on what they found. Not only did Wallen give them permission to search, she led their tour of the premises. A search under these circumstances is not a violation of constitutional rights.
 
 
 8
 For the foregoing reasons, we hold that the search of Wallen's property was not illegal. Consequently, the fruits of that search, i.e., the physical evidence and taped confession, were admissible.
 
 
 9
 Wallen also attacks the district court's admission of expert testimony by Agent Lowe, a Tucson police officer assigned to the federal Drug Enforcement Administration ("DEA"). We review the admission of expert testimony for abuse of discretion, and will not reverse if the error is harmless beyond a reasonable doubt. United States v. Lennick, 18 F.3d 814, 821 (9th Cir.), cert. denied, 513 U.S. 856 (1994).
 
 
 10
 Agent Lowe testified as an expert able to identify as marijuana the physical evidence found at Wallen's residence. The proffered foundation for his expertise included experience with the DEA for more than seven years; formal education in police narcotics work; substantial undercover police work in which he bought and sold narcotics; and having dealt with an "astronomical" amount of marijuana as a police officer and DEA agent. Agent Lowe testified that this background enabled him to identify marijuana by sight and smell. The trial judge was within his discretion in concluding that the foundation sufficed to allow Agent Lowe to give an opinion on whether the substance was marijuana.
 
 
 11
 Finally, Wallen contends that the jury should have been instructed on the lesser included offense of simple possession of marijuana, even though she did not request it. We review a failure to instruct a jury sua sponte on a lesser included offense for plain error. United States v. Parker, 991 F.2d 1493, 1496 (9th Cir.), cert. denied, 510 U.S. 839 (1993).
 
 
 12
 "When there is a large quantity of a drug and other evidence tending to establish distribution, courts have declined to require a [simple] possession instruction because in those circumstances, once a jury found possession, it could only rationally conclude that the possession was for distribution." United States v. Gutierrez, 990 F.2d 472, 477 (9th Cir.1993). If the jury found that the physical evidence was indeed marijuana and that Wallen possessed it, the quantity was so large that the only rational conclusion was possession with intent to distribute. The weighing and packaging paraphernalia found on the premises provide additional support for this conclusion. Therefore, we hold that the district court's failure to give a lesser included offense instruction was not plain error.
 
 
 13
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 **
 The Honorable Evan J. Wallach, Judge of the United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3