**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Micky Joe VAANDERING,**
**Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jeffrey Wayne McMILLAN,**
**Defendant–Appellant.**

Nos. 93–30280, 93–30294.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 1995.

Decided March 20, 1995.

---

James F. Halley, Weintraub & Halley, Portland, OR, for defendant-appellant Vaandering.

Michael R. Levine, Asst. Federal Public Defender, Portland, OR, for defendant-appellant McMillan.

Frank Noonan, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

Before: PREGERSON and TROTT, Circuit Judges, and FITZGERALD,* District Judge.

TROTT, Circuit Judge:

Micky Joe Vaandering appeals his jury conviction and sentence under the Sentencing Guidelines for conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841. Jeffrey Wayne McMillan appeals his jury conviction and sentence under the Sentencing Guidelines for conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of methamphetamine in violation of 21 U.S.C. § 844(a). We affirm.

I

Background

On August 31, 1992, Officer Arnold submitted an affidavit in support of an application for a search warrant of Vaandering's property. The affidavit included statements by informants Susan Slay, Daniel Feldt, Kelly Grimmett, and Tina McClure. The affidavit also incorporated a separate affidavit signed by Deputy Spang on July 19, 1991.

On September 1, 1992, police officers conducted searches of the residences of Vaandering and McMillan. Vaandering, McMillan, and codefendants Dunlap and Churchill were at Vaandering's residence when the search was executed. The police discovered 167 grams of methamphetamine, cans with residues of various precursor chemicals, assorted glassware and beakers, plastic tubing, and an Ohaus gram scale. The police also discovered chemicals in the trunk of a Cadillac owned by Vaandering which was parked in an adjacent tax lot, approximately one quarter mile from the tax lot on which Vaandering's residence was located. In addition, the police found five grams of methamphetamine at McMillan's residence.

Based on the evidence obtained from the searches and the testimony of government witnesses Susan Slay and coconspirator Jeffrey Dunlap, Vaandering was convicted of conspiracy to possess methamphetamine with intent to distribute and possession of methamphetamine with intent to distribute. Vaandering was sentenced to 78 months' imprisonment for each count, to be served concurrently. McMillan was convicted of conspiracy to possess methamphetamine with intent to distribute and possession of methamphetamine. McMillan was sentenced to 78 months' imprisonment for the conspiracy count and 12 months' imprisonment for the possession count, to be served concurrently.

II

Validity of the Search Warrant

Vaandering appeals the district court's denial of his motion to suppress the evidence obtained in the search of his residence. Vaandering contends the affidavit submitted by Officer Arnold to obtain a search warrant of Vaandering's residence contained false and misleading information and omitted other material information. The district court conducted a pretrial *Franks* hearing but concluded the search warrant was valid. *See Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). "The district court's factual findings as to whether statements in an affidavit were false or were omitted are reversed only if clearly erroneous. Whether any omissions or misstatements are material is a mixed question of law

---

* The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

and fact which we review de novo." *United States v. Garza,* 980 F.2d 546, 551 (9th Cir. 1992) (citation omitted).

█ First, Vaandering argues confidential reliable informant Susan Slay was inherently unreliable because she had a drug habit and admitted under oath that she would lie when it suits her fancy. Vaandering, however, failed to submit any evidence indicating Slay was using drugs during the time period she was acting as a confidential informant for Officer Arnold. Furthermore, Slay's testimony that she would lie, without more, is irrelevant to show that Officer Arnold should have known that Slay might be giving him untrue information. Vaandering failed to establish that Officer Arnold intentionally or recklessly included false information supplied by Susan Slay in the affidavit. *See United States v. Stanert,* 762 F.2d 775, 780 (9th Cir.) (the focus of the inquiry is not on whether any information in the officer's affidavit may be false, but rather, whether the officer intentionally or recklessly included any false information), *amended on other grounds,* 769 F.2d 1410 (9th Cir.1985).

Second, based on the affidavits or statements of five different sources of information denying they gave the information attributed to them in Officer Arnold's affidavit, Vaandering argues Arnold's affidavit was invalid. Significantly, four of the sources asserted their Fifth Amendment rights and refused to testify at the *Franks* hearing, and the fifth source could not be located. Once again, Vaandering failed to offer any evidence suggesting that even if the affiants gave Officer Arnold false information, that Officer Arnold should have known it was false. The district court's finding that Officer Arnold was neither reckless nor untruthful in his recitation of the information is supported by the record.

█ Third, Vaandering argues that information contained in Officer Arnold's affidavit, some of which dated back as far as twenty-two months prior to the search, was stale. " 'The mere lapse of substantial amounts of time is not controlling in a question of staleness.' " *United States v. Pitts,* 6 F.3d 1366, 1369 (9th Cir.1993) (quoting *United States v. Dozier,* 844 F.2d 701, 707 (9th Cir.), *cert.*

*denied,* 488 U.S. 927, 109 S.Ct. 312, 102 L.Ed.2d 331 (1988)). " '[Where] the evidence sought is of an ongoing criminal business ... greater lapses of time are permitted if the evidence in the affidavit shows the probable existence of the activity at an earlier time.' " *Id.* at 1369–70 (quoting *United States v. Greany,* 929 F.2d 523, 525 (9th Cir.1991)). In this case, the older information was coupled with recently obtained information. The district court could properly find that this evidence was not stale and was an allowable basis upon which to find probable cause. *See United States v. Foster,* 711 F.2d 871, 878 (9th Cir.) (evidence of drug transactions occurring fifteen months prior to the issuance of a search warrant not stale where evidence also linked defendant to a drug sale occurring three months prior to the issuance of the search warrant), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1602, 80 L.Ed.2d 132 (1983); *United States v. Rowell,* 903 F.2d 899, 903 (2d Cir.1990) (eighteen month old information not stale because evidence was of a drug distribution business); *United States v. Glass Menagerie, Inc.,* 721 F.Supp. 54, 58–59 (S.D.N.Y.1989) (two and one-half year old information not stale because evidence sought was of a narcotics paraphernalia manufacturing business).

And fourth, Vaandering's argument that probable cause to search his residence did not exist because one of the confidential informants did not mention Vaandering's residence is meritless. "Based on the nature of the evidence and the type of offense, a magistrate may draw reasonable inferences about where evidence is likely to be kept." *Garza,* 980 F.2d at 551. This court recognizes that "[i]n the case of drug dealers, evidence is likely to be found where the dealers live." *Id.* The search warrant properly authorized the search of Vaandering's residence, regardless of whether or not Spang's confidential informant #3 mentioned Vaandering's residence.

Even if we accept all of Vaandering's arguments as true, his challenge of the search warrant must still fail. As the district court stated:

[Even] [i]f I delete that portion in the latter portion of the affidavit, going to Officer Spang and also Grimmett, McClure, Feldt, and Browning . . . this affidavit is so complete, it is so refined in its explanation of the way that this request for search warrant was developed, that I find that he still would have obtained a warrant to execute the search.

Vaandering has failed to establish the findings of the district court were clearly erroneous. Therefore, the district court's denial of Vaandering's motion to suppress the evidence obtained in the search of his residence is affirmed.

### III

### Scope of the Search

Vaandering contends the officers' search of a car located on a tax lot adjacent to the tax lot specified in the search warrant, unlawfully exceeded the scope of the search warrant. Vaandering's emphasis on the tax lot division is misplaced.

■ The description of the premises to be searched was stated in the search warrant as follows:

47775 S.W. Carpenter Creek Rd., also known as Rt. 1 Box 206–J, Forest Grove, Washington County, Oregon, a green single story wood framed structure, with an attached unpainted carport. The residence is located on the north side of Carpenter Creek Rd., about 800 feet west of the intersection of S.W. Plumlee Rd. The premises is further described as being located on Washington County Tax Lot #1200, found on Washington County Map # 1S 4 10, and all outbuildings located on the curtilage of the property, and the curtilage of the property.

The search warrant neither authorized the search of the entire area designated as Tax Lot #1200 nor limited the search to Tax Lot #1200. The scope of the search was the entire curtilage of the residence located on Tax Lot #1200. The reference to the tax lot division on the Washington County Map was an aid to the officers executing the warrant, not a delineation of the scope of the search.

Therefore, Vaandering's contention that the search of the car exceeded the scope of the warrant simply because the car was located on an adjacent tax lot must fail. The decision of the district court denying Vaandering's motion to suppress is affirmed.

### IV

### Closing Arguments

■ Vaandering contends for the first time on appeal that the prosecutor improperly commented on Vaandering's failure to testify and shifted the burden of proof to Vaandering by emphasizing that there was no evidence that Vaandering was employed. The record reflects Vaandering did not object to the prosecutor's statements either during or after closing arguments. We review alleged error raised for the first time on appeal for plain error. *United States v. Tarazon*, 989 F.2d 1045, 1051 (9th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 155, 126 L.Ed.2d 116 (1993).

In his closing argument, the prosecutor stated:

[W]hat else do you know about Mr. McMillian [sic] and Mr. Vaandering? Well, you know they are both unemployed. There is no evidence in this case from which you can determine either one of these gentlemen have ever had a job other than dealing drugs. None, whatsoever.

Now the Government has the burden of proof but you are entitled to consider all of the evidence in this case. Everything that you have heard, including statements of this man that he has some kind of income from somewhere and you haven't seen that, have you? . . . You don't have that kind of evidence.

We have held that "[t]he prosecutor may comment on the defendant's failure to present exculpatory evidence, provided that the comments do not call attention to the defendant's own failure to testify." *United States v. Mares*, 940 F.2d 455, 461 (9th Cir.1991) (citation omitted). Furthermore, comments intended to highlight the weaknesses of a defendant's case do not shift the burden of proof to the defendant where the prosecutor does not argue that a failure to explain them

adequately requires a guilty verdict and reiterates that the burden of proof is on the government. *Id.* "It is a common practice for one side to challenge the other to explain to the jury uncomfortable facts and inferences." *Id.*

In the instant case, the prosecutor neither commented on Vaandering's failure to testify nor expressly or implicitly shifted the burden of proof. In fact, the prosecutor expressly told the jury the burden of proof was on the government. Therefore, the prosecutor's comment on Vaandering's failure to present exculpatory evidence regarding his employment was permissible.

## V

### Aiding and Abetting Jury Instruction

Vaandering and McMillan jointly contend the district erred on two grounds in instructing the jury on the elements of aiding and abetting: 1) the instruction did not identify the specific offense to which the aiding and abetting instruction applied; and 2) the instruction did not inform the jury that the underlying crime had to be committed by someone.

A district court's formulation of jury instructions is generally reviewed for an abuse of discretion. *United States v. Woodley,* 9 F.3d 774, 780 (9th Cir.1993). Whether a jury instruction misstates the elements of a crime, however, is a question of law and is reviewed de novo. *United States v. Blinder,* 10 F.3d 1468, 1477 (9th Cir.1993).

First, the district court was not required to indicate to which specific counts the aiding and abetting instruction was tied. Aiding and abetting may be implied in every substantive federal offense. *United States v. Armstrong,* 909 F.2d 1238, 1241–42 (9th Cir.), *cert. denied,* 498 U.S. 870, 111 S.Ct. 191, 112 L.Ed.2d 153 (1990). "The difference between causing and aiding and abetting alone . . . does not prevent either or both theories from being implied in an indictment." *Id.* at 1242. Therefore, the district court did not err in failing expressly to connect the aiding and abetting instruction to a specific count or counts of the indictment.

As to the second basis of alleged error, the defendants failed to make the objection that the instruction was improper because it did not identify the defendant to which it was directed and it failed to instruct the jury it must find that someone committed the principal offense. "In the absence of a proper objection, we review jury instructions for plain error." *Id.* at 1244 (citation omitted). The jury instruction was not so misleading that the jury would have believed it could convict one or both defendants of aiding and abetting without believing that the law had been violated. Furthermore, "[t]he government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted." *Manual of Model Criminal Jury Instructions for the Ninth Circuit,* § 5.01 (1989). Therefore, the district court did not commit plain error in instructing the jury on the elements of aiding and abetting.

## VI

### Conspiracy Jury Instruction

Vaandering and McMillan contend the district court erred in refusing to give an instruction to the jury stating a person does not become a member of a conspiracy merely because he approves of, or acquiesces in, a conspiracy.

The district court gave this Circuit's complete model instruction on conspiracy. That instruction includes the following language: "Similarly, a person does not become a member merely by associating with one or more persons who are conspirators, nor merely by knowing of the existence of a conspiracy." *Id.* at § 8.05A. This instruction was sufficient to instruct the jury on defendants' theory of defense. "A defendant is not entitled to any particular form of instruction, nor is he entitled to an instruction that merely duplicates what the jury has already been told." *United States v. Lopez–Alvarez,* 970 F.2d 583, 597 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 504, 121 L.Ed.2d 440 (1992). Therefore, the district court did not err in refusing to give defendants' proposed jury instruction on conspiracy.

## VII

### Lesser–Included Offense Jury Instruction

McMillan appeals the district court's refusal to instruct the jury on the lesser-included offense of conspiracy to possess methamphetamine. The jury convicted McMillan of the greater offense of conspiracy to possess methamphetamine with the intent to distribute.

Initially, we address the parties' disagreement as to the standard by which this Court reviews the district court's decision. McMillan argues that a de novo review is the appropriate standard, citing *United States v. Sneezer*, 900 F.2d 177, 178 (9th Cir.1990) and *United States v. Komisaruk*, 885 F.2d 490, 497 (9th Cir.1989). The government contends the district court's decision not to instruct on a lesser-included offense should be reviewed for abuse of discretion, citing *United States v. Pedroni*, 958 F.2d 262, 268 (9th Cir.1992) and *United States v. Torres*, 937 F.2d 1469, 1475–76 (9th Cir.1991), *cert. denied*, 502 U.S. 1037, 112 S.Ct. 886, 116 L.Ed.2d 789 (1992).

■ This apparent inconsistency in the law of this Circuit is the result of the two-element test for determining whether a defendant is entitled to an instruction on a lesser-included offense. "First, the defendant must prove that the offense on which instruction is sought is a lesser-included offense of that charged and second, the defendant must show that the jury rationally could conclude that the defendant was guilty of the lesser-included offense but not of the greater." *Pedroni*, 958 F.2d at 267–68 (footnote omitted). The first step of the inquiry is reviewed de novo. *Torres*, 937 F.2d at 1476. The second step is reviewed for abuse of discretion. *Id.*

Although *Sneezer* and *Komisaruk* do not discuss both steps of the analysis, the focus of the inquiry in both cases was whether the offense for which the instruction was sought was a lesser-included offense of that charged. Therefore, both opinions correctly used the de novo standard of review.

■ In the instant case, however, the district court correctly determined that the offense of conspiracy to possess methamphetamine is a lesser-included offense of conspiracy to possess methamphetamine with the intent to distribute. That determination is not in dispute. McMillan's only contention on appeal is that there were sufficient facts for the jury to rationally conclude that he was part of a conspiracy for the sole purpose of possessing cocaine. Because only the second step of the analysis is in issue, we review the district court's refusal to give the requested instruction for abuse of discretion. *Torres*, 937 F.2d at 1467.

■ Where an instruction on a lesser-included offense is supported by law, a defendant is entitled to such an instruction only if the theory has some evidentiary foundation. *United States v. Gutierrez*, 990 F.2d 472, 477 (9th Cir.1993). Such an evidentiary foundation does not exist where "a rational jury could not convict a defendant of any lesser offense without relying on the precise evidence which establishes guilt of the offense charged." *Id.*

■ McMillan was charged with conspiracy to possess methamphetamine with the intent to distribute in connection with drug operations being conducted at Vaandering's home. If a defendant is charged with possession with intent to distribute, the district court may refuse to give an instruction on simple possession where there is a large quantity of a drug and other evidence tending to establish distribution. *Id.* (citing *United States v. Powell*, 932 F.2d 1337, 1342 (9th Cir.), *cert. denied*, 502 U.S. 891, 112 S.Ct. 256, 116 L.Ed.2d 210 (1991)).

■ The evidence at trial showed that a search of Vaandering's residence revealed not only 167 grams of methamphetamine, but also a methamphetamine lab complete with precursor chemicals, glassware, and scales. Furthermore, there was testimony that Vaandering's residence was a source of methamphetamine for the purpose of distribution. Significantly, McMillan failed to produce any evidence, other than the quantity of methamphetamine actually recovered, to support the proposition that the methamphetamine lab was used to produce methamphetamine sole-

**704**

ly for the personal use of the members of the conspiracy.

We conclude a rational jury could not have convicted McMillan for conspiracy to possess without relying on the precise evidence establishing that the purpose of the conspiracy was the production and distribution of methamphetamine. In reaching this conclusion, we express no opinion as to whether 167 grams of methamphetamine, without more, is a sufficiently large quantity of drugs to preclude an instruction for simple possession. Our decision is based on the amount of methamphetamine recovered combined with the considerable amount of "other evidence" establishing distribution. The district court was within its discretion in denying McMillan's request for a jury instruction on the lesser-included offense of conspiracy to possess.

## VIII

### Testimony of Coconspirator

McMillan contends the district court erred by failing to strike the testimony of coconspirator Dunlap that he "figured" McMillan was providing chemicals for Vaandering because this constituted inadmissable lay opinion testimony.

■ "We review claims of evidentiary error under an abuse of discretion standard." *United States v. Brook,* 4 F.3d 1480, 1487 (9th Cir.1993). A district court's ruling on the relevance of evidence is reviewed for an abuse of discretion. *United States v. Rubio-Topete,* 999 F.2d 1334, 1338 (9th Cir.1993).

■ McMillan's counsel first raised the issue of Dunlap's actual knowledge of McMillan's involvement in Vaandering's drug operation during his cross-examination of Dunlap. McMillan's counsel asked Dunlap whether, to his knowledge, McMillan had ever distributed, assisted in the manufacture of, or sold methamphetamine. On redirect examination the prosecutor asked Dunlap if he told the police that he believed McMillan was responsible for providing chemicals for Vaandering. Dunlap responded that he "just figur[ed] that is the way it was." Defense counsel clearly "opened the door" to this line of questioning.

*See United States v. Taylor,* 716 F.2d 701, 710 (9th Cir.1983). The trial court did not abuse its discretion by overruling defense counsel's objection.

## IX

### Sentencing

■ McMillan contends the district court erred in finding McMillan was a member of the conspiracy for six months and speculating as to the amount of drugs attributable to McMillan through the conspiracy. The district court's factual findings in the sentencing phase are reviewed for clear error. *United States v. Buenrostro-Torres,* 24 F.3d 1173, 1174 (9th Cir.1994). The government must establish the quantity of drugs attributable to a member of a conspiracy by a preponderance of the evidence. *United States v. Petty,* 992 F.2d 887, 891 (9th Cir. 1993).

■ McMillan argues he was not involved with the conspiracy until May or June of 1992, 3 months before the defendants were arrested. There is evidence in the record, however, to suggest McMillan was involved in the conspiracy as early as January of 1992. The district court's finding that McMillan was involved with the conspiracy for a period of six months is not clearly erroneous.

McMillan also contends the district court improperly speculated on the extent of McMillan's involvement in the conspiracy. The district court made an express finding that McMillan and Vaandering "were both involved throughout the six months, and that they both significantly contributed to the production of that amount." This finding is supported by the record, and McMillan fails to present any evidence to the contrary.

Finally, the district court made specific findings as to the quantity of drugs it believed was involved in the conspiracy.

McMillan fails to present any facts suggesting the district court's calculations were clearly erroneous. He fails to present any evidence suggesting the district court should have deducted some indeterminate amount of drugs which were for the personal use of the conspirators. Therefore, the findings of the

district court concerning relevant conduct of McMillan were not clearly erroneous.

## X

## CONCLUSION

For the foregoing reasons, the convictions and sentences of Micky Joe Vaandering and Jeffrey Wayne McMillan are

AFFIRMED.