106 F.3d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darryl CARPENTER, aka Cowboy, Defendant-Appellant.
 No. 96-50075.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1996.*
Decided Nov. 7, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Convicted of possession of ammunition by a felon, appellant-defendant Carpenter appeals the district court's denial of his motion to suppress evidence seized during the execution of a search warrant. According to Carpenter, the warrant lacked probable cause to issue because the supporting affidavit was silent as to how or when the officer's confidential informant obtained his information. We review the issuing magistrate's probable cause determination for clear error, United States v. Baldwin, 987 F.2d 1432, 1435 (9th Cir.), cert. denied, 508 U.S. 967 (1993), and we affirm the district court's denial of the motion to suppress.
 
 
 4
 The affidavit supporting the warrant was made by Los Angeles Police Department Officer Johnny Durden. In his affidavit, Officer Durden stated that he had a conversation with a previously untested citizen informant during the first ten days of June 1995. The informant told Durden that he had personal knowledge of Carpenter and his narcotics activity. The informant supplied Durden with the following information: 1) defendant's street name ("Cowboy"); 2) defendant's criminal history including narcotics arrests; 3) defendant's apartment address; 4) defendant's practice of keeping large quantities of marijuana and cocaine at his apartment; 5) defendant's transportation of drugs downtown for distribution; 6) defendant's hotel room to further his narcotics business; and 7) defendant's keeping of a separate hotel room for a female accomplice named "Cheryl".
 
 
 5
 Officer Durden, as he states in the affidavit, independently verified the defendant's street name, arrest record and apartment address. Durden also discovered that "Cowboy" was staying in the Cecil Hotel and that a woman named Sherril was also at the hotel. On June 8, 1995, Sherril consented to a search of her hotel room, and Durden found two plastic baggies containing rock cocaine and a phone book that had the name "Cowboy" and a pager number. The affidavit also contained information regarding Durden's extensive experience as an undercover narcotics officer and his opinion that the operation described by the informant was a common method of operation for drug deals in hotels in the central city area of Los Angeles.
 
 
 6
 An affidavit containing information received from a confidential informant need not reveal the informant's "basis of knowledge," as previously required under Spinelli v. United States, 393 U.S. 410, 416 (1969), so long as, in viewing the totality of the circumstances, the issuing judge had a substantial basis for concluding that the affidavit established probable cause. Illinois v. Gates, 462 U.S. 213, 230-31 (1983); United States v. Bertrand, 926 F.2d 838, 842 (9th Cir.1991). In the affidavit in question, the officer states that the informant indicated he had "personal knowledge" of Carpenter's activities; furthermore, the informant's personal knowledge could be inferred from the details the informant supplied which were later verified by Durden. Id. at 228-29; see also Draper v. United States, 358 U.S. 307, 309 (1959).
 
 
 7
 Carpenter also urges that the warrant must be invalid because the affidavit does not indicate when the informant obtained his information, and thus the information might have been stale. This might be problematic if the affidavit relied exclusively on the informant's statements; however, Officer Durden corroborated much of the information within a few days of seeking the warrant, which indicates that the information was current. This circuit has recognized that even stale information may provide a basis for probable cause if it is coupled with recent information or corroboration. See United States v. Vaandering, 50 F.3d 696, 700 (9th Cir.1995); see also United States v. Cannon, 29 F.3d 472, 478 (9th Cir.1994) (where affidavit suggests an ongoing drug-trafficking scheme, the fact that some of the information is undated or old does not preclude a finding of probable cause.) Therefore, the issuing judge did not clearly err in finding that there was probable cause to support the warrant, and the district judge properly denied Carpenter's motion to suppress. Carpenter's conviction is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3