139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
LANCE V. SYLVESTER, Defendant-Appellant.
 No. 97-15345.
D.C. Nos. CV-95-01352-EJG, CR-92-00083-1-EJG.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Eastern District of California Edward J. Garcia, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lance Vernon Sylvester appeals the district court's denial of his motion to suppress, following his conditional guilty plea to possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see United States v. Kemmish, 120 F.3d 937, 939 (9th Cir.1997), petition for cert. filed, (U.S. Dec. 29, 1997) (No. 97-7328), and affirm.
 
 
 3
 Sylvester contends that the district court erred by denying his motion to suppress evidence seized from his apartment, his apartment storage area, his rented storage locker, and his vehicle, because the affidavit submitted in support of the search warrant did not establish probable cause to believe that the items sought would be found in those locations.
 
 
 4
 We review for clear error a magistrate judge's determination that probable cause existed to support the issuance of a search warrant. See United States v. Henson, 123 F.3d 1226, 1238-39 (9th Cir.1997). "Direct evidence that contraband or evidence is at a particular location is not essential to establish probable cause to search the location." Id. at 1238. Rather, the magistrate judge may "draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense. In the case of drug dealers, evidence is likely to be found where the dealers live." Id. at 1238-39 (citation omitted); accord United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir.1993). Reading the affidavit "as a whole," see Pitts, 6 F.3d at 1369, we conclude that the magistrate judge had a " 'substantial basis' " for concluding that it established probable cause to search the places listed in the warrant, because under the totality of the circumstances, there was "a fair probability" that the police would find contraband or evidence of the suspected crime in those locations, see United States v. Clark, 31 F.3d 831, 834 (9th Cir .1994). Accordingly, the district court correctly denied the motion to suppress.
 
 
 5
 Sylvester also contends that the district court erred by denying his motion to suppress because information contained in the affidavit was stale. This contention lacks merit because the information was coupled with recent information or corroboration, and thus did not preclude a finding of probable cause. See United States v. Vaandering, 50 F.3d 696, 700 (9th Cir.1995) (stating that where older information coupled with recent information, district court could find evidence was not stale and was allowable basis upon which to find probable cause).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3