*See United States v. Rewald,* 889 F.2d 836, 859 (9th Cir.1989).

AFFIRMED.

UNITED STATES of America,
Plaintiff—Appellee,

v.

Dwight HOLLINGSWORTH,
Defendant—Appellant.

No. 01–50492.
D.C. No. CR–01–00739–K.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2003.

Decided March 18, 2003.

Before BROWNING, PREGERSON,
and REINHARDT, Circuit Judges.

MEMORANDUM *

Dwight Hollingsworth ("Hollingsworth") appeals his jury conviction of one count of importation of marijuana, in violation of 21 U.S.C. §§ 952, 960, and one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We affirm. Because the parties are famil-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

iar with the factual and procedural history of this case, we will not recount it here.

■ Evidence of poverty is inadmissible to prove motive. *United States v. Romero-Avila*, 210 F.3d 1017, 1022 (9th Cir. 2000). Contrary to Hollingsworth's contention, a review of the record shows that the government did not use the evidence of Hollingsworth's unemployment to argue impermissibly, or even imply, that Hollingsowrth was poor and thus had motive to commit the crime. Therefore, the district court did not err by admitting evidence of Hollingsworth's unemployment.

■ A prosecutor's cross-examination or comments highlighting the weaknesses in the defendant's case do not shift the burden to the defendant so long as: (1) the comments do not call attention to the defendant's failure to testify; (2) the prosecutor does not argue that failure to explain the weaknesses requires a guilty verdict; and (3) the prosecutor reiterates that the burden of proof is on the government. *United States v. Vaandering*, 50 F.3d 696, 701–02 (9th Cir.1995). Here, Hollingsworth testified; the prosecutor never argued that Hollingsworth's inability to show proof that he went to the dentist in Tijuana by itself proved that he was guilty. The prosecutor, and judge, repeatedly stated that the burden of proof is on the government and Hollingsworth had no burden or duty to produce any evidence. Thus, the burden did not shift and there was no prosecutorial misconduct warranting reversal.

Our review of the record satisfies us that there was no violation of *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). *See United States v. Velarde Gomez*, 269 F.3d 1023, 1029 n. 1 (9th Cir.2001) (en banc).

The district court did not err by denying Hollingsworth's motion to dismiss the in-dictment on the ground that the grand jury was improperly instructed as to its duties. That argument is foreclosed by our recent decision in *United States v. Marcucci*, 299 F.3d 1156 (9th Cir.2002).

Likewise, Hollingsworth's argument that the statutes under which he was convicted are unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by our recent decisions. *See United States v. Buckland*, 277 F.3d 1173 (9th Cir.2002) (en banc), *as amended and superceded by* 289 F.3d 558 *and cert. denied*, 535 U.S. 1105, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002) (§ 841); *United States v. Mendoza–Paz*, 286 F.3d 1104, 1110 (9th Cir.2002), *cert. denied*, — U.S. —, 123 S.Ct. 573, 154 L.Ed.2d 459 (2002) (§ 960); *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (§ 952). Nor does mens rea as to drug type and quantity have to be alleged in the indictment or found by a jury. *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002), *cert. denied*, — U.S. —, 123 S.Ct. 572, 154 L.Ed.2d 458 (2002). Thus, the district court did not err in denying Hollingsworth's motion to dismiss the indictment based on these grounds.

Finally, the district court did not err when it denied Hollingsworth's Fed. R.Crim.P. 29 motion for judgment of acquittal because the evidence was sufficient to sustain his convictions for importation of marijuana and possession of marijuana with intent to distribute.

AFFIRMED.