UNITED STATES of America, Plaintiff—Appellee,

v.

Barry NNANNA, aka Bertram ISA Defendant—Appellant.

No. 99–50633.
D.C. No. CR–98–46–GHK–5–.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2004.*

Decided June 2, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elana Shavit Artson, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Earl C. Broady, Jr., Inglewood, CA, for Defendant–Appellant.

Before MCKEOWN, BYBEE, Circuit Judges, and BREYER,** District Judge.

### MEMORANDUM ***

Defendant-appellant Barry Nnanna appeals his conviction following a jury trial for presenting false claims, conspiracy, bank fraud, and passing stolen Treasury checks. We affirm his conviction.

■ First, Nnanna contends that several of the prosecutor's comments in closing argument improperly shifted the burden of proof to defendant. Both parties agree that a plain error standard of review is applied here because defendant failed to object to the challenged prosecutorial comments. *See United States v. Williams*, 990 F.2d 507, 510 (9th Cir.1993).

Because Nnanna did take the stand and testify, and the prosecutor's comments cannot thus be construed to have been an improper comment on his failure to testify, Nnanna's Fifth Amendment rights are not implicated. *See United States v. Vaandering*, 50 F.3d 696, 701–02 (9th Cir.1995).

Additionally, the prosecutor did not improperly shift the burden of proof, but rather, argued reasonable inferences from the evidence and merely replied to defendant's arguments. *See id.* Regardless, even if any of the prosecutor's statements were improper, none rise to the level of plain error.

■ Second, Nnanna argues that district court abused its discretion in admitting additional uncharged fraudulent tax returns in violation of Federal Rules of Evidence 404(b) and 403. The district court did not abuse its discretion in admitting this evidence. The government's proffer connected Nnanna to the 19 disputed documents through the contents of the documents and other forensic evidence. *See Huddleston v. United States*, 485 U.S. 681, 689, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988) ("[S]imilar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor.").

Additionally, the district court did not abuse its discretion in determining that the probative value of the 19 additional tax returns was not substantially outweighed by its prejudicial effect. The record reflects that the court properly weighed Rule 403's requirements with respect to the proffer from the government.

■ Third, Nnanna argues that there was insufficient evidence to support his conviction on the conspiracy charge. "There is sufficient evidence to support a conviction if, in viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Romero*, 282 F.3d 683, 686 (9th Cir.2002) (quoting *United States v. Wright*, 215 F.3d 1020, 1025 (9th Cir.2000), *cert. denied* 531 U.S. 969, 121 S.Ct. 406, 148 L.Ed.2d 313 (2000)). Where, as here, the defendant fails to challenge the sufficiency of the evidence before the district court, we review for plain error. *Id.*

There was sufficient evidence to connect Nnanna to the overall conspiracy. Evidence adduced at trial established that Nnanna's business obtained the majority of its income from federal tax refund checks and that these checks were derived from false tax returns filed by co-conspira-

---

** The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tor Aragbaye's organization. Virtually all of the treasury checks cashed at Nnanna's business were derived from returns that contained characteristics common to those used by Aragbaye and other co-conspirators. Two co-conspirators testified that they accompanied Aragbaye to one of Nnanna's businesses to deliver refund checks to Nnanna. Additionally, evidence was offered that established the large proceeds that Nnanna gained from the conspiracy.

The evidence at trial established that Nnanna knew of the conspiracy and believed that his own benefits were dependent on the success of the entire venture. Nnanna's connection to the overall conspiracy was more than slight; his connection was sufficiently established and no plain error occurred. *Romero*, 282 F.3d at 687 ("Once the existence of an conspiracy is shown, the government need only prove a slight connection between the defendant and the conspiracy.").

■ Fourth, Nnanna's argument that he was deprived of his Sixth Amendment right to testify when the district court curtailed his trial testimony is without merit. We review this claim de novo. *United States v. Pino–Noriega*, 189 F.3d 1089, 1094 (9th Cir.1999). The district court made several reasonable accommodations for Nnanna, including allowing a four-day, mid-trial continuance to allow the defense to prepare, and permitting Nnanna to testify a second time in order to present additional documents and testimony in surrebuttal. The district court's decision to limit further testimony was not arbitrary or disproportionate to the purpose of insuring that the trial proceed in an orderly and fair manner. *See United States v. Gallagher*, 99 F.3d 329, 332 (9th Cir.1996) (holding that restricting defendant's right to testify in a narrative fashion was "neither arbitrary nor disproportion-

ate to the purpose of insuring that the trial proceed in an orderly and fair manner.").

■ Fifth, Nnanna claims that in the initial summation the prosecutor misled the jury into believing that Aragbaye testified that Nnanna was a knowing member of the conspiracy. We review again for plain error because Nnanna did not object at trial. *See Williams*, 990 F.2d at 510. Even if the remark was erroneous, any error was not plain because the prosecutor's comment was a mere sentence fragment, the meaning of which was ambiguous. The evidence adequately supported Nnanna's conviction, and therefore, this unclear comment did not affect Nanna's substantial rights.

For the reasons stated above, Nnanna's conviction is AFFIRMED.