**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Eddy Jacid VIZCARRA–PARDINI,**
**Defendants—Appellees.**

**No. 04–50094.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 18, 2005.

Decided May 24, 2005.

Richard C. Cheng, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Steven F. Hubachek, Esq., Kasha K. Pollreisz, Ramzi G. Nasser, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: TASHIMA, WARDLAW, Circuit Judges, and COLLINS,* District Judge.

MEMORANDUM **

We affirm the district court's ruling and decline to remand for resentencing given that the Appellant has served his sentence and has been deported.

Eddy Jacid Vizcarra–Pardini ("Vizcarra–Pardini") appeals his conviction and sentence, after a jury trial, for importing marijuana and possessing marijuana with an intent to distribute, pursuant to 21 U.S.C. §§ 952, 960 and 841(a)(1). At trial, Vizcarra–Pardini presented the defense that he was set up by his girlfriend and did not know that marijuana was hidden in her car when he attempted to drive it across the border. On appeal, Vizcarra–Pardini argues that the prosecutor committed misconduct by asking the jury to infer guilt from Vizcarra–Pardini's failure to help government agents locate his girlfriend.

A prosecutor may not shift the burden of proof to the defendant. *Houston v. Roe,* 177 F.3d 901, 909 (9th Cir.1999). "Comments intended to highlight the weakness of a defendant's case do not shift

---

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the burden of proof to the defendant where the prosecutor does not argue that a failure to explain them adequately requires a guilty verdict and reiterates that the burden of proof is on the government." *United States v. Vaandering,* 50 F.3d 696, 701–02 (9th Cir.1995). The government may properly challenge the defense to explain to the jury uncomfortable facts and inferences; comments of this nature do not shift the burden to the defendant. *United States v. Mares,* 940 F.2d 455, 461 (9th Cir.1991).

The prosecutor's comments at issue in this case were in the same vein as those in *Vaandering,* 50 F.3d 696. The prosecutor was not improperly shifting the burden to Vizcarra–Pardini nor infringing upon Appellant's Fifth Amendment rights; rather the prosecutor was merely highlighting the weaknesses of Vizcarra–Pardini's defense, namely that Vizcarra–Pardini had a theory of defense that had many holes in it.

Likewise, the district court did not err in denying Vizcarra–Pardini's motion to dismiss the indictment on the ground that the drug statutes are facially unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Vizcarra–Pardini's facial challenge is foreclosed by *United States v. Buckland,* 289 F.3d 558, 562 (9th Cir.2002) (en banc).

The Court declines to reach the sentencing issue under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because they are moot. Vizcarra has completed the imprisonment portion of his sentence. And because he has been deported, he cannot effectively be subject to supervision during the minimum mandatory two-year term of supervised release.

AFFIRMED.