**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Bernardo CARLOS, Defendant—
Appellant.**

No. 04–50499.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2005.*

Decided Sept. 15, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fᴇᴅ. R.Aᴘᴘ. P. 34(a)(2).

U.S. Attorney, Kevin M. Mulcahy, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Siri Shetty, San Diego, CA, for Defendant–Appellant.

Before: WALLACE, SILVERMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM**

Bernardo Carlos appeals his federal conviction for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

■ Carlos argues that agents at the permanent immigration checkpoint sub-

** This disposition is not appropriate for publication and may not be cited to or by the

jected him to an unreasonable search and seizure because, after having determined his citizenship, they detained and questioned him and then subsequently searched him and his truck without valid grounds to do so. We review de novo the district court's denial of the motion to suppress and whether detention at the permanent immigration checkpoint violated the Fourth Amendment. *United States v. Wilson,* 7 F.3d 828, 833 (9th Cir.1993). The district court did not err by denying the motion to suppress. The agents' questioning of Carlos lasted no more than a few minutes. The stop and questioning were well within the permissible scope of a routine stop at a permanent immigration checkpoint. *United States v. Martinez–Fuerte,* 428 U.S. 543, 566, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976); *United States v. Bravo,* 295 F.3d 1002, 1006 (9th Cir.2002). In any event, Carlos's nervous demeanor, the corroborated anonymous tip, and the agent's observations regarding the irregularity of the front of the trailer provided articulable suspicion to further question Carlos. *Wilson,* 7 F.3d at 834; *United States v. Taylor,* 934 F.2d 218, 221 (9th Cir.1991).

Nor did the district court clearly err in finding that Carlos consented to the search of his person and the trailer. The agents' testimony, which the district court found to be credible, supports the district court's findings that the search of Carlos's person and truck was consensual and not tainted by an illegal detention.

■ Carlos argues that the district court abused its discretion and violated Carlos's right to due process by excluding evidence of co-defendant Minero's arrest and flight. We review the district court's exclusion of evidence of third-party culpa-

courts of this circuit except as provided by 9th Cir. R. 36–3.

bility for an abuse of discretion. *United States v. Ortland,* 109 F.3d 539, 543, 545 (9th Cir.1997). We review the due process claim de novo. *United States v. Lynch,* 367 F.3d 1148, 1159 (9th Cir.2004). The district court did not abuse its discretion or violate due process by excluding evidence of Minero's flight. Minero's flight was not relevant to Carlos's guilt. While it may have shown Minero's consciousness of guilt, it did not in any way negate Carlos's culpability. Moreover, the district court allowed Carlos to introduce evidence and argue that Minero was guilty, owned the vehicles and had hidden the drugs in the trailer, and had duped Carlos. *Ortland,* 109 F.3d at 545.

■ Carlos asserts that the prosecutor committed misconduct in closing argument by (1) minimizing Minero's guilt; (2) stating that Minero was a horse, rather than a cattle, importer; (3) stating that the jury should consider the reasonableness of Carlos's defense; and (4) commenting that jurors nodding their heads "somewhat concerned [him]." Because defense counsel objected only to comment number 3, the prosecutor's statement regarding the reasonableness of Carlos's defense, we review that comment for harmless error and "must determine whether allegedly improper behavior, considered in the context of the entire trial, including the conduct of the defense counsel, affected the jury's ability to judge the evidence fairly." *United States v. Brown,* 327 F.3d 867, 871 (9th Cir.2003) (internal quotation marks omitted). We also consider the "substance of the curative instruction and the closeness of the case." *Id.*

The prosecutor cannot shift the burden of proof to the defendant. However, the prosecutor can comment on the defendant's failure to present evidence as long as the prosecutor does not call attention to the defendant's failure to testify. *United*

*States v. Vaandering,* 50 F.3d 696, 701 (9th Cir.1995). Comments on the weakness of the defendant's case "do not shift the burden of proof to the defendant where the prosecutor does not argue that a failure to explain them adequately requires a guilty verdict and reiterates that the burden of proof is on the government." *Id.* at 701–02. In context, the prosecutor commented on the reasonableness of the defense, did not argue that the jury should find Carlos guilty if defense counsel failed to explain the weaknesses of the defense's case, and did not shift the burden of proof to the defendant. In any event, the jury instructions, the district court's immediate clarification, and the prosecutor's statement that the government had the burden of proof corrected any potential error.

■ We review the remaining claims regarding comments 1, 2, and 4 for plain error as defense counsel did not object to them. *Brown,* 327 F.3d at 871. A prosecutor cannot argue facts or inferences that are not supported by the evidence in the case or that the prosecutor knows are false or has very strong reason to doubt. *United States v. Blueford,* 312 F.3d 962, 968 (9th Cir.2002). In addition, a prosecutor cannot express his or her personal opinion regarding the veracity of a witness or the defendant's guilt. *United States v. Necoechea,* 986 F.2d 1273, 1276 (9th Cir.1993). No prosecutor misconduct occurred in this case. The prosecutor did not argue facts or inferences that were not supported by the evidence in the case, vouch for a witness, suggest that he personally believed in the evidence, or criticize the jurors for their reaction to defense counsel's argument.

Carlos's argument that 21 U.S.C. § 841 is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that *Harris v. United States,* 536 U.S. 545, 122 S.Ct.

2406, 153 L.Ed.2d 524 (2002), overrules *United States v. Buckland,* 289 F.3d 558, 562 (9th Cir.2002) (en banc), is foreclosed by *United States v. Navarro–Vargas,* 408 F.3d 1184, 1208–09 (9th Cir.2005), and *United States v. Hernandez,* 322 F.3d 592, 600–02 (9th Cir.2003), *cert. denied,* 540 U.S. 1103, 124 S.Ct. 1036, 157 L.Ed.2d 886 (2004). Carlos's argument that the government must prove that the defendant had knowledge of the drug quantity and type has also been rejected by this court. *Hernandez,* 322 F.3d at 602; *United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.2002).

Because Carlos was sentenced under the mandatory sentencing scheme that was held unconstitutional in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the government or Carlos may request that Carlos be resentenced pursuant to the now advisory sentencing guidelines. If a party so requests and the district court determines that it would have imposed a materially different sentence had it known the Guidelines were advisory, the district court should hold a new sentencing proceeding. *United States v. Moreno–Hernandez,* 419 F.3d 906, 2005 WL 1964483, *8 (9th Cir. Aug.17, 2005); *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). No later than September 27, 2005, each party shall file a one-page notice with the court indicating whether they request a limited remand.

AFFIRMED.