**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30320 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-05204-RJB-1 |
| v. | |
| EZEQUIEL ALEJANDRO PIMENTEL QUIROZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted October 9, 2013
Seattle, Washington

Before: GRABER and MURGUIA, Circuit Judges, and BURY,[**] District Judge.

Following a five-day trial, a jury convicted Defendant Ezequiel Alejandro

Pimentel Quiroz of being a felon in possession of a firearm, in violation of 18

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David C. Bury, United States District Judge for the District of Arizona, sitting by designation.

U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). He timely appeals, challenging the conviction. We affirm.

1. Assuming, without deciding, that the district court abused its discretion in failing to give a limiting instruction concerning the jury's consideration of Defendant's prior convictions, any error was harmless. See Fed. R. Crim. P. 52(a) (providing that a non-constitutional error does not require reversal unless it is "more probable than not" that the error affected the verdict); United States v. Rohrer, 708 F.2d 429, 432 (9th Cir. 1983) (stating same standard). In view of the eyewitness testimony of a disinterested witness; Defendant's formal and informal confessions about possession of the firearm; his own testimony as to his prior convictions; and Defendant's changing stories, we are confident that any error had no effect on the verdict.

2. The district court did not plainly err in instructing the jury with respect to Defendant's earlier admission of guilt regarding possession of the firearm. See Fed. R. Crim. P. 52(b) (providing that we review for plain error when a defendant fails to object in the district court); United States v. Marcus, 130 S. Ct. 2159, 2164 (2010) (describing the plain error standard). Because Defendant was a party, his statement was admissible as non-hearsay. See Matylinsky v. Budge, 577 F.3d 1083, 1094 (9th Cir. 2009) (relying on Fed. R. Evid. 801(d)(2)(A)).

2

3. The in-court identification of Defendant by the disinterested witness did not deprive Defendant of his due process right to a fair trial. Because Defendant failed to object, we review only for plain error and find none. See United States v. Domina, 784 F.2d 1361, 1367–69 (9th Cir. 1986) (discussing in-court identification procedures).

4. We review for plain error Defendant's claim concerning closing arguments to the jury, because he did not make the argument in the district court. The prosecutor's closing argument that "they" (implying Defendant and his lawyer) were "perpetrating a fraud" was improper. Nonetheless, even if the argument rose to the level of misconduct, which we need not decide, there is no plain error. See United States v. Young, 470 U.S. 1, 16 (1985) ("[T]he prosecutor's remarks cannot be said to rise to the level of plain error. Viewed in context, the prosecutor's statements, although inappropriate and amounting to error, were not such as to undermine the fundamental fairness of the trial and contribute to a miscarriage of justice."). In addition to the overwhelming evidence of guilt noted above, we observe that the jury acquitted Defendant of another charge, demonstrating the jury's ability to consider the evidence fairly.

5.  The prosecutor's argument did not impermissibly shift the burden of proof.  It merely remarked on the weaknesses in Defendant's case, which is permissible.  United States v. Vaandering, 50 F.3d 696, 701–02 (9th Cir. 1995).

6.  Any potential errors, even considered cumulatively, did not render Defendant's trial unfair.  See United States v. Frederick, 78 F.3d 1370, 1381 (9th Cir. 1996) (providing for consideration of cumulative error).

AFFIRMED.