**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10459 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00211-GEB-7 |
| v. | |
| JOHN SMITHSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Submitted October 7, 2013[**]
San Francisco, California

Before:   N.R. SMITH and NGUYEN, Circuit Judges, and QUIST, Senior District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gordon J. Quist, District Judge for the United States District Court for the Western District of Michigan, sitting by designation.

John Smithson appeals his conviction for conspiracy to defraud the United States in violation of 18 U.S.C. § 286. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reject his arguments and affirm.

Where defense counsel failed to object to alleged acts of prosecutorial misconduct at trial, we review for plain error. *United States v. Cabrera*, 201 F.3d 1243, 1246 (9th Cir. 2000). Smithson's objection to the proposed missing witness jury instruction, where one was never given, cannot act as an objection to the missing witness closing argument. *See Bird v. Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1148 (9th Cir. 2001) (if counsel fails to raise a timely objection during closing arguments or move for a new trial before the verdict is delivered, attacks on allegedly improper comments in closing arguments are reviewed for plain error).

Smithson alternatively argues that the prosecutor's comment during closing argument on Smithson's failure to call Smithson's brother as a corroborating witness constituted prosecutorial misconduct. "A prosecutor's comment on a defendant's failure to call a witness . . . is . . . permissible, so long as the prosecutor does not violate the defendant's Fifth Amendment rights by commenting on the defendant's failure to testify." *Cabrera*, 201 F.3d at 1250. But the prosecutor must also be sure not to shift the burden of proof; such may be done by expressly telling the jury the government bears the burden of proof. *See id.*

The prosecutor's adverse inference argument was not plain error. Viewed in the context of the entire record, *United States v. Young*, 470 U.S. 1, 16 (1985), the prosecutor's argument was isolated; any prejudice was cured by the prosecutor's repeated reminder that the government had the burden of proof, *see, e.g.*, *Cabrera*, 201 F.3d at 1249–50; *United States v. Vaandering*, 50 F.3d 696, 701–02 (9th Cir. 1995); the court's jury instructions that the government had the burden of proof and that the attorneys' arguments were not evidence, *United States v. Garcia-Guizar*, 160 F.3d 511, 522 (9th Cir. 1998); and defense counsel's response during Smithson's closing argument, *United States v. Tucker*, 641 F.3d 1110, 1121 (9th Cir. 2011).

**AFFIRMED.**