**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**DEC 19 2025**

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50124 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:21-cr-00081-WQH-1 |
| JORGE DE JESUS MORAGA-VALDEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted November 18, 2025[**]
Pasadena, California

Before: WARDLAW and MILLER, Circuit Judges.[***]

Jorge de Jesus Moraga-Valdez appeals his conviction for importation of

methamphetamine in violation of 21 U.S.C. §§ 952 and 960.  Moraga raises four

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      Judge Sandra S. Ikuta, who died on December 7, 2025, was originally a member of this panel.  Judge Wardlaw and Judge Miller decided the petition as a two-judge quorum.  *See* 28 U.S.C. § 46(d); 9th Cir. Gen. Ord. 3.2(h).

claims of error. First, Moraga contends that the district court erroneously admitted expert testimony on the practices of drug-trafficking organizations. Second, Moraga contends that the district court erroneously admitted his Mexican driver's license as an adoptive admission. Third, Moraga contends that the prosecution impermissibly shifted the burden of proof during closing argument. Fourth, Moraga contends that the district court erred in denying Moraga's motion for a new trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not plainly err by admitting expert testimony as to the modus operandi of drug couriers. Here, Agent Kiesel testified that traffickers generally do not entrust large quantities of drugs to unknowing carriers. We have specifically approved this type of testimony. *See United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1070–71 (9th Cir. 2011).

Moreover, Agent Kiesel's testimony was (1) relevant, (2) probative of Moraga's knowledge, and (3) not unfairly prejudicial under the Federal Rules of Evidence. *Id.* at 1072. His testimony "pertained primarily" to establishing "the modus operandi of drug couriers." *Id.* at 1070. Agent Kiesel narrowly addressed the organizational practices of drug traffickers, including that drug traffickers "want the[ir] driver to be aware of what they are doing" because the drugs are "worth a lot of money." *See United States v. Webb*, 115 F.3d 711, 715 ("[W]e have consistently held that government agents or similar persons may testify as to

2

the general practices of criminals to establish the defendants' modus operandi.") (internal quotation marks omitted). Moreover, this evidence pertained to the sole disputed element in the case: whether Moraga knew that he was transporting drugs in the car he was driving. Finally, this testimony was not unfairly prejudicial because the Government introduced it to rebut Moraga's "blind-mule" defense. *Sepulveda-Barraza*, 645 F.3d at 1073 (concluding that there was no unfair prejudice where defendant "opened the door" by raising a blind-mule defense).

2. The district court did not plainly err in admitting Moraga's Mexican driver's license as an adoptive admission. Written statements in a defendant's possession are admissible as adoptive admissions when there is evidence that a defendant acted on the writings or otherwise manifested his adoption of them. *United States v. Ospina*, 739 F.2d 448, 451 (9th Cir. 1984).

While we have not squarely applied *Ospina* to identification documents, several district courts within our circuit have, including identification cards issued by foreign authorities. *See, e.g.*, *United States v. Ibarra-Ramirez*, No. CR 11-0993, 2012 WL 12903868, at *1–2 (D. Ariz. Mar. 23, 2012); *United States v. Cuesta*, No. 1:06-CR-40, 2007 WL 2729853, at *17 (E.D. Cal. Sept. 18, 2007); *United States v. Singh*, No. 19-CR-3623, 2020 WL 5500232, at *8 (S.D. Cal. Sept. 11, 2020), *aff'd,* No. 20-50245, 2024 WL 1477401 (9th Cir. Apr. 5, 2024) (foreign passport used for identification). Because "[a]n error cannot be plain where there

3

is no controlling authority on point," *United States v. Wijegoonaratna*, 922 F.3d 983, 991 (9th Cir. 2019) (citation omitted), the district court did not plainly err in admitting the license as an adoptive admission.

3.  Nor did the prosecution impermissibly shift the burden of proof during closing argument when it commented on Moraga's failure to call his brother as a witness or to produce receipts corroborating Moraga's testimony. A prosecutor's "comment on a defendant's failure to call a witness does not shift the burden of proof, and is therefore permissible, so long as the prosecutor does not violate the defendant's Fifth Amendment rights by commenting on the defendant's [own] failure to testify." *United States v. Cabrera*, 201 F.3d 1243, 1250 (9th Cir. 2000).

Here, the Government never commented on Moraga's *own* failure to testify. *See id.* Further, the Government repeatedly and unequivocally told the jury that the burden rested entirely with the prosecution. *See United States v. Vaandering*, 50 F.3d 696, 701–02 (9th Cir. 1995). The district court, therefore, did not plainly err in allowing the Government's comments regarding the strength of Moraga's case.

4.  The district court did not abuse its discretion by denying Moraga's motion for a new trial. Moraga contends that, had the jury known that Agent Kiesel falsely claimed work hours while he operated a for-profit side business as a disc jockey, it likely would have acquitted him. A defendant seeking a new trial based

4

on newly discovered evidence must establish that: (1) the evidence is newly discovered; (2) the defendant exercised due diligence; (3) the evidence is material to the issues at trial; (4) the evidence is not cumulative or merely impeaching; and (5) the evidence indicates that the defendant would probably be acquitted in a new trial. *United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009).

The parties agree that the first three prongs are satisfied. As to impeachment evidence, we have long held that newly discovered evidence that serves only to impeach a witness does not warrant a new trial. *United States v. Kulczyk*, 931 F.2d 542, 549 (9th Cir. 1991). An exception exists where the new evidence impeaches the witness so severely as to "render his testimony useless." *United States v. Davis*, 960 F.2d 820, 822, 825 (9th Cir. 1992) ("[N]ewly-discovered impeachment evidence" that a testifying agent was "involved in a conspiracy to steal confiscated drug money from the Los Angeles County Sheriff's Department" was "so powerful that a jury would find his testimony totally incredible."). Here, unlike in *Davis*, Agent Kiesel's misconduct was unrelated to the underlying criminal charges and was non-criminal in nature. Moreover, Agent Kiesel's misconduct did not involve perjury or dishonesty in a criminal investigation. *Cf. id.* at 824 (noting that the testifying agent "was indicted on charges of conspiring to steal confiscated drug money from the Los Angeles County Sheriff's Department, signing a false tax return, and illegally structuring a currency transaction").

5

As to the probability of acquittal, the district court correctly concluded that had the jury known of Agent Kiesel's workplace misconduct, the jury would probably not have acquitted Moraga. Kiesel's testimony did not provide "the only evidence of an essential element of the government's case" (i.e., Moraga's knowledge). *Id.* at 825. The Government independently established Moraga's knowledge by showing: (1) the type and quantity of narcotics; (2) the sophisticated hidden compartments in his vehicle; (3) his inconsistent statements at arrest; (4) his border-crossing history and suspicious phone calls; and (5) Moraga's own testimony concerning those calls.[1]

**AFFIRMED**.

---

[1] Nor did the district court abuse its discretion in denying Moraga's request for an evidentiary hearing on the scope and extent of any additional misconduct by Agent Kiesel. Moraga provides no basis to suggest that additional discovery would yield relevant evidence.