UNITED STATES of America, Plaintiff—Appellee,

v.

Teresa ESPINOZA–REBOLLAR, Defendant—Appellant.

No. 03–50620.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 2006.

Decided May 31, 2006.

Lawrence E. Spong, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

Michelle Villasenor–Grant, Esq., FDCA—Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant—Appellant.

Before: SCHROEDER, Chief Judge, FRIEDMAN * and FISHER, Circuit Judges.

## MEMORANDUM **

Teresa Espinoza–Rebollar appeals her conviction for importation of marijuana, and possession of marijuana with intent to distribute, under 21 U.S.C. §§ 952, 960, and 841(a)(1), on three grounds. She contends (1) that the district judge failed to follow the "law of the case" by ruling that evidence excluded in her first trial would be admissible in her second trial; (2) that the government failed to turn over exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (3) that the prosecutor made improper statements in his closing arguments that require reversal of her conviction. We reject each of her arguments and AFFIRM the conviction. We vacate her sentence under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and REMAND for resentencing.

■ 1. Prior to her first trial, which resulted in a mistrial because the jury was deadlocked, the district court ruled that evidence of Espinoza–Rebollar's past arrest (without conviction) for drunk driving and a song Espinoza–Rebollar produced about alien smuggling, would not be admitted. Before the second trial, however, the court indicated that evidence of her arrest probably would be admissible, although the court further stated that it was "not making any concrete rulings because it hasn't come up." The court also tentatively ruled that the song would be admissible. Neither item of evidence was offered or admitted at the second trial.

The district court's ruling that these two items of evidence would be admissible at the second trial was *in limine* and tentative. An *in limine* ruling that certain evidence is admissible at trial ordinarily is not reviewable unless the evidence is actually admitted at trial. *See Luce v. United States*, 469 U.S. 38, 41–42, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). Since the conviction and the song lyrics were not admitted during trial, the challenge to their admissibility is not properly before us. Framing the issue in terms of the law of the case does not change that conclusion.

■ 2. On the day prior to the second trial, the prosecution turned over to Espinoza–Rebollar a list of calls made from her cellular phone (which it planned to use to discredit Espinoza–Rebollar's defense). The list contained four phone numbers reflecting ten calls made the day of her arrest. One of these four numbers had been disconnected by the time the list was turned over. The district court denied Espinoza–Rebollar's motion to dismiss under *Brady*.

Espinoza–Rebollar argues that the government committed a *Brady* violation by

---

* Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

waiting until the day before the second trial to turn over the list of phone calls, a delay that resulted in the fourth number's being disconnected before the defense could determine whose number it was. For that to constitute a violation of Espinoza–Rebollar's right to due process, however, "the unavailable evidence [must have] possessed 'exculpatory value that was apparent before the evidence was destroyed, and is of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.'" *United States v. Rivera–Relle,* 333 F.3d 914, 922 (9th Cir.2003) (quoting *United States v. Cooper,* 983 F.2d 928, 931 (9th Cir.1993)). Because the identity of the number (and its owner) is unknown, Espinoza–Rebollar has not shown a *Brady* violation. Nor has Espinoza–Rebollar made a showing of the government's bad faith in delaying the production of the phone number list, which Espinoza–Rebollar alleges was potentially exculpatory. *See Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988) (holding that "unless a criminal defendant can show bad faith ... [,] failure to preserve *potentially* useful evidence does not constitute a denial of due process of law") (emphasis added). Indeed, it is difficult to see how a list of telephone numbers dialed from her cell phone would constitute exculpatory material.

3. None of the statements made by the prosecutor during closing arguments, individually or collectively, constitutes reversible error.

■ The prosecution's argument based on a hypothetical set of facts was used only to illustrate gaps in Espinoza–Rebollar's defense. The inferences made in the hypothetical were reasonable in light of the evidence. *See United States v. Cabrera,* 201 F.3d 1243, 1250 (9th Cir.2000). The prosecutor's statement that "she had

no realistic choice but to testify" was not an improper comment upon her refusal to testify under the Fifth Amendment, since she did testify. *See id.* at 1250. Moreover, the context of this statement made it clear that it concerned Espinoza–Rebollar's trial strategy rather than her constitutional right to remain silent. The prosecutor was only answering the defendant's claim that her decision to testify was a sign of good faith. *Cf. United States v. Vaandering,* 50 F.3d 696, 701 (9th Cir. 1995) (permitting "comments intended to highlight the weaknesses of a defendant's case").

■ Finally, Espinoza–Rebollar argues that *United States v. Sanchez,* 176 F.3d 1214, 1219–20 (9th Cir.1999), prohibited the prosecutor from telling the jury that either she or the government witnesses must be lying. However, the record justifies the conclusion that the jury could not find that both Espinoza–Rebollar and the government agents were telling the truth and that the prosecutor never went so far as to "offer personal assurances of the veracity of government witnesses." *Id.* at 1224. It is well-settled that "[a] prosecutor may express doubt about the veracity of a witness's testimony," including a defendant. *Cabrera,* 201 F.3d at 1250.

■ 4. Since Espinoza–Rebollar was sentenced under the mandatory Sentencing Guidelines and we cannot ascertain whether the district court would have imposed a different sentence under a discretionary regime, we remand to the district court for resentencing pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084–86 (9th Cir.2005) (en banc).

CONVICTION AFFIRMED; SENTENCE REMANDED.